[Filed February 11, 1890.]

ROSENBERG & MEYERS, APPELLANTS, *v.* E. M. CROISAN
AND MARK S. SKIFF, RESPONDENTS.

A successor in interest of a judgment debtor may redeem after confirmation of the sale. Under our statute the right to redeem is not merely a privilege personal to the debtor, but is a right of property and subject to bargain and sale.

APPEAL from the circuit court for Marion county.

*S. T. Richardson* and *M. W. Hunt,* for Appellants.

*Tilmon Ford* and *Louis H. Tarpley,* for Respondents.

LORD, J.—This is a proceeding to compel the execution of a sheriff's deed. The facts are these : The plaintiffs

were purchasers at a sheriff's sale of the land in controversy, and subsequently the sale was confirmed, and thereafter one Smith made a quit-claim deed of the same to the defendant Skiff, who served notice to redeem from plaintiffs, and which plaintiffs refuse to allow. That after the expiration of four months after confirmation of the sale, the plaintiffs demanded a sheriff's deed from the defendant Croisan, as sheriff, and the said defendant refused, etc. The only question presented by the facts which were stipulated is, could the defendant Skiff redeem the premises from the plaintiffs as successor in interest of said Smith and the judgment debtor? The lower court held in the affirmative, and the appeal is to determine the correctness of that holding.

It will be noted that the confirmation of the sale had been made to the plaintiffs as purchasers before the judgment debtor Smith transferred his right of redemption to the defendant Skiff, and the contention of the plaintiffs is that the statute does not authorize a successor in interest to redeem *after confirmation* of the sale. The proper solution of the question requires an examination of the provisions of our statute in regard to the subject, and the purpose of them. It is provided by § 300, Oregon Code, that: "Property sold subject to redemption, or any part thereof separately sold, may be redeemed by the following persons or their successors in interest: The judgment debtor or his successor in interest in the whole or any part of the property separately sold," etc. Section 303 provides that: "The judgment debtor or his *successor in interest* may redeem the property *at any time prior to the confirmation of sale*, on paying the amount of the purchase money, with interest at the rate of 10 per centum per annum, etc. But if the *judgment debtor* do not redeem until after confirmation of the sale, thereafter he shall redeem within four months from such order of confirmation, and not otherwise."

The construction given to these by counsel for plaintiffs is that the former section is intended to name the classes

of persons who may redeem, and the latter the time within which each person of that class may redeem, and that as the last section (303) mentions the judgment debtor or *successor in interest prior to the confirmation* as one who may redeem, but wholly omits the successor in interest after the confirmation of the sale; the right to redeem belongs only to the judgment debtor, who is expressly mentioned, and that, therefore, the time within which the defendant Skiff as a successor in interest of Smith, the judgment debtor, is entitled to redeem is after sale and before confirmation, but not after confirmation. His argument is, as the proceeding is statutory, and the · right conferred statutory, that a person claiming the right to redeem must show not only that he comes within a class entitled to redeem, but he must show that he comes within the time limited by that class to redeem, and unless he does so, under the canons of construction, the court cannot aid him by intendment or construction, not supported by the words of the statute.

It is said that the statutory right to redeem is not a property right, which is subject to bargain and sale, but a mere privilege conferred by law, and when a certain class of persons are enumerated who are invested with the right to redeem, it excludes all other classes not named. *Powers* v. *Andrews*, 84 Ala. 291. But our section (300) in enumerating the classes who may redeem, expressly mentions the successor in interest, which plainly means and recognizes that the statutory right to redeem is a property right, subject to sale and transfer like other property rights derived from law and conferred upon the judgment debtor or his successor in interest, to whom he may transfer such right to redeem. In the light of the statute, the right to redeem is regarded as valuable, and in order to give the judgment debtor the benefit of it, he may exercise such right himself, or he may transfer it to another, who becomes his successor in interest and entitled to exercise such right. The right, then, under our statute is not merely a privilege personal to the judgment debtor, but a

right of property which is the subject of bargain and sale. It follows on principle that so long as the right to redeem exists in the judgment debtor, and his property while it so exists, it is the subject of bargain and sale, and as this continues after confirmation he may sell or assign it, and his successor in interest redeem the property. Nor is there anything in the statute in contradiction of it. There was no need of mentioning expressly the successor in interest, after the right to redeem was conferred upon him and authorized; for that indicated that such right was regarded not as a mere personal privilege, but a right of property and subject to a contract of bargain and sale, and so long as such right to redeem exists in the judgment debtor, he may have a successor in interest; and as such right may exist in him after confirmation, it is the subject of contract or sale, and his successor in interest may redeem after confirmation, and consequently the defendant Skiff was authorized to redeem. Nor is this result inconsistent with the construction of these provisions as stated by Mr. Justice Deady in *Laurial* v. *Stratton*, 6 Saw. 348, in which he says: "A redemption, then, by either of the successors in interest of Mary R. Hall, at any time while the property was subject to redemption, whether before or after confirmation of the sale, put an end to the proceeding, and thereafter such successor in interest held the property as though no sale of the same had ever been made." This view is in harmony, too, with the general impression which has prevailed in the profession as to the interpretation of these provisions and the right of the successor in interest to redeem after confirmation.

While it is due to say that the counsel for the plaintiffs presented his point clearly and argued it ably, we are not prepared, for the reasons stated, to concur in his conclusions, and must, therefore, affirm the judgment.