[Powers v. Robinson & Co.]

| 90 | 225 |
| 90 | 502 |
| 92 | 525 |

# Powers *v.* Robinson & Co.

### *Bill in Equity by Judgment Creditors, for Redemption of Lands sold under Mortgage.*

1. *Conveyance of land to partnership.*—When land is conveyed to a partnership by its firm name, the legal title vests, not in the partnership, but in the individual partners as tenants in common, charged with an equity to satisfy partnership wants—that is, for the payment of the partnership debts, and securing equalization of division among the partners; and when this equity is discharged, any *residuum* of land, or of the proceeds of its sale, retains all the attributes of realty.

2. *Action against partnership; judgment and execution.*—When an action is brought against a partnership by its firm name only, not giving the names of the individual partners, the judgment recovered " binds the joint property of all the associates, in the same manner as if all had been made defendants, had been sued upon their joint liability, and served with process" (Code, § 6705); but an execution on such judgment can not be levied upon the separate property of the individual partners, nor upon a tract of land which was bought with partnership funds, for partnership purposes, and conveyed to the partnership by its firm name, the legal title being thereby vested in the several partners individually.

3. *Redemption by judgment creditor of partnership.*—A creditor of a partnership, having obtained a judgment against it in its firm name only, has no statutory right (Code, § 1883) to redeem a parcel of land which was bought with partnership funds, for partnership purposes, conveyed to the partnership by its firm name, and afterwards sold under a power in a mortgage executed by the partners individually and in the partnership name; but, if the judgment had been against the individual partners, as well as the partnership, the creditor would have had the right to redeem.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 27th July, 1888, by J. M. Robinson & Co., a mercantile partnership doing business in Louisville, Kentucky, as judgment creditors of McAlester & Jackson, a late partnership doing business in Florence, Alabama, against Mrs. Lou R. Powers and her husband; and sought to redeem, as such judgment creditors, a town lot in Florence, which Mrs. Powers had bought at a sale under a power in a mortgage, executed by the partners comprising the firm of McAlester & Jackson, and signed also in the partnership name.

The firm of McAlester & Jackson was composed of Jno. W. McAlester and William Jackson; and it was dissolved, as the

15

defendants' evidence showed, in February, 1885, when a general assignment for the benefit of creditors was made. The complainants' judgment against said firm was founded on a debt contracted prior to its dissolution, and was rendered by default, in the City Court of Birmingham, on the 5th July, 1888, service of process having been made on said Jackson; and the judgment recited that "said Jackson, on whom the summons in this cause was served, was one of the firm of McAlester & Jackson, at the time of the creation of the debt sued on, and also at the time of such service." The lot was conveyed to "McAlester & Jackson, a firm composed of John W. McAlester and William Jackson, of the second part," by deed dated December 27, 1881; and they testified on the part of the complainants, that it was bought for partnership purposes, and paid for with partnership funds. The mortgage under which the lot was sold, and which was dated March 4th, 1882, purported to be executed by "John W. McAlester and William Jackson, parties of the first part," and it was signed and acknowledged by them: and the partnership name was also signed to it, though not mentioned in the body of the instrument. The sale under the mortgage was made on the 9th August, 1886, Mrs. Powers becoming the purchaser; and the tender and offer to redeem was made on the 5th July, 1888. The defendant did not dispute the regularity of the tender, but denied the complainants' right to redeem, and assailed the validity of their judgment.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants; and his decree is here assigned as error.

SIMPSON & JONES, for appellants.—(1.) The complainants' judgment is a nullity, because it was rendered against a dissolved partnership, and not against the partners individually. 4 Porter, 184; 1 Ala. 228; 8 Porter, 523; 18 Ala. 478; 34 Ala. 125: 91 U. S. 160. (2.) The defendant is not estopped by the recitals of the judgment.—1 Herman on Estoppel, § 112; *Moore v. Easley*, 18 Ala. 619; *Duncan & Hooper v. Stewart*, 25 Ala. 408; 34 Ala. 694. (3.) Even if the judgment were valid, it gave the complainants no right to reedeem. If the mortgage had never been executed, they could not have levied an execution on it, because the legal title was never in the partnership, but in the individual partners as tenants in common.—*Andrews v. Brown*, 21 Ala. 437; *Slaughter v. Swift*, 67 Ala. 494; Parsons on Partnership, 379; Bates on Partnership, § 296.

[Powers v. Robinson & Co.]

EMMET O'NEAL, *contra.*—(1.) The statute gives the right to sue a partnership by its firm name, and declares the effect of the judgment.—Code, § 2605. That the dissolution of a partnership does not destroy the rights and remedies of creditors, see *Mudge v. Treat,* 57 Ala. 1; Parsons on Partnership, 398 ; 2 Bates on Partnership, § 1065; *Wendall v. Osborn,* 63 Iowa, 99; 18 Ohio St. 134. The cases cited for appellant, on this point, were decided under a former statute, which was materially different from the present. (2.) The recitals of the judgment are conclusive as to the existence of the partnership when the process was served.—Freeman on Judgment, § 131; *Turrentine v. Daly,* 82 Ala. 205; *Hamner v. Mason,* 24 Ala. 480; *Gunn v. Howell,* 27 Ala. 663; *Wyatt v. Rambo,* 29 Ala. 510; *Landford v. Dunklin,* 71 Ala 594; *Glass v. Glass,* 76 Ala. 368; 76 Amer. Dec. 76; 83 Amer. Dec. 295 ; 30 Cal. 446. (3.) The land was bought with partnership money, for partnership purposes, and was conveyed to the partnership by its firm name; and the deed must have effect according to its terms.—73 Ala. 348; 79 Ala. 101; 72 Ala. 433. The legal title was vested in the individual partners, but the interest of each was only a claim against the surplus remaining after the payment of partnership debts.—*Page v. Thomas,* 1 N. E. Rep. 79; 3 Brick. Digest, 692, §§ 89, 95. (4.) The redemption statute is remedial, and is to be liberally construed.— *Trimble v. Williamson,* 49 Ala. 527; *Powers v. Andrews,* 84 Ala. The partnership might have redeemed, and a judgment creditor has equal right.

STONE, C. J.—The nature of the tenure by which a partnership holds land conveyed to it in its common, or partnership name, has, within a relatively short time, undergone a radical change in the light of English adjudication.—Parsons on Partnership, *369. And the American rule is by no means uniform, although in most of the States it is substantially the same as it is in Alabama—a *status* somewhat intermediate between the former and the present English rule.—*Ib.* *371 ; Notes to Rapalje's Lindley on Partnership, bottom pages 559, 582–3, 914; *Lang v. Waring,* 25 Ala. 625; *Andrews v. Brown,* 21 Ala. 437; *Buchan v. Sumner,* 2 Barb. Ch. 165; s. c., and note, 5 N. Y. Ch. Rep., annotated bottom page 599. In Alabama, the rule has been long uniformly declared to be, that when there is a conveyance of land to a partnership, in its common, or firm name, no legal title vests in the partnership as such. The legal title vests in the several persons composing the partnership as tenants in common, with all the attributes and incidents of a tenancy in common, so far as mere legal remedies can be enforced. Such title is chargeable with an

equity, whenever the land is wanted to meet partnership debts, or to secure equalization in division among the partners. Till equitable interposition is invoked, the *status* of the title is not changed. It remains a legal title in all the partners as tenants in common—the characteristics of joint tenancy being abolished by statute in this State.—Code, 1886, § 1837. And if, after satisfying partnership wants noted above, there remains a *residuum* of land, or of money for which land was sold, such *residuum*, whether of land or its proceeds, retains all the attributes of land, in every particular in which realty is distinguished from personalty.—*Andrews v. Brown*, 21 Ala. 437; *Lang v. Waring*, 25 Ala. 625; *Caldwell v. Parmer*, 56 Ala. 405; *Wood v. Montgomery*, 65 Ala. 500; *Slaughter v. Swift*, 67 Ala. 494; *Hatchett v. Blanton*, 72 Ala. 423; *Espy v. Comer*, 76 Ala. 501; *Brunson v. Morgan, Ib.* 593; 3 Brick. Dig. 692, §§ 89, 95.

Robinson & Co. obtained a judgment against McAlester & Jackson, suing them in their common, or firm name, and not giving the names of the persons composing the partnership. Our statute—Code of 1886, § 2605—authorizes a suit to be brought in this form, and declares that the judgment recovered in the action "binds the joint property of all the associates, in the same manner as if all had been made defendants, had been sued upon their joint liability, and served with process." Our rulings upon this statute are, that under an execution issued upon such judgment, partnership property subject to execution, and only partnership property, can be levied on, or seized. Land conveyed to the partnership in its common, or firm name, can not be levied upon under such execution, because as a partnership it has neither a legal title, nor a perfect equity. Code of 1886, § 2892. It has no title which can be converted into a legal land title, in the partnership as a separate entity; because the legal title, being in the tenants in common as individuals, can not be forced out of them to meet partnership debts, or other partnership wants, except by a proceeding in equity which *pro tanto* destroys its characteristics as land, and converts it into personalty. This is in no sense the conversion of an equitable title to land into a legal land title. It is the conversion, through chancery powers, of a legal land title of tenants in common, into partnership, personal assets, for the payment of partnership debts and other partnership wants. See authorities above cited, particularly the able opinion of Chancellor Walworth in *Buchan v. Sumner, supra;* Freeman on Judgments, § 357*a;* 3 Pom. Eq. § 1166, n. 6.

A lot in the town of Florence, which had been held in the partnership name of McAlester & Jackson, had been conveyed

[Powers v. Robinson & Co.]

by them as a firm, and as individuals, as mortgage security for a debt they owed, the mortgage containing a power of sale. The lot had been sold under the power, Mrs. Powers became the purchaser, and received a conveyance. Robinson & Co., under their said judgment against McAlester & Jackson, attempted to redeem the land from Mrs. Powers under section 1883, Code of 1886. They conformed to every requirement of the statute, if their judgment gave them the right to redeem. She refused the offer, and the present bill was filed to enforce their alleged right.

We hold, that the complainants' judgment did not authorize them to redeem as judgment creditors, for two reasons : *First*, their judgment was not such an one, as that under execution issued for its collection the lot in controversy could have been levied on and sold, even if the title had remained in McAlester & Jackson. To authorize redemption by a judgment creditor, the title of the defendant must have been such as that, in the absence of the sale from which redemption is sought, a valid sale of the property could be effected through an execution issued upon the judgment, under which the redemption is attempted to be made. *Second*, to collect a judgment against the firm in its common name, as complainants' judgment was, out of real estate held by the several partners as tenants in common, as the lot in controversy was held, it was necsssary to convert the realty—the lot—into personal assets, with all the attributes of personal property. This would preclude all right to redeem, for, under the statute, only real estate can be the subject of redemption. We can not treat the lot as personalty, so as to fix its liability to complainants' judgment, and at the same time regard it as realty, so as to authorize its redemption under the statute.

If the judgment had been against the several partners, as a firm, the difficulties above pointed out would not have arisen. An execution on such judgment would have authorized the seizure of the partnership effects, and also the property of each individual partner. This would have included the several interests of the tenants in common, and would have embraced the entire legal title.—*Dollins v. Pollock*, 89 Ala. 351.

The decree of the chancellor is reversed, and a decree here rendered dismissing complainants' bill, at their costs.

Reversed and rendered.