# Henderson *v.* Prestwood.

### *Action of Unlawful Detainer.*

1. *Sale of land under execution; right of debtor to redeem.*—Under the provisions of the statute (Code of 1886, § 1879; Code of 1896, § 3505) allowing a debtor to redeem lands sold under an execution, the levy of the execution on land as the property of the debtor and its sale and purchase as such are conclusive on the purchaser, that the debtor had a redeemable interest in the lands sold, if at the time of offering to redeem he stands in the same relation to the land which he occupied at the time the lien attached or the levy was made; and the fact that prior to the levy of the execution and prior to the attachment of the lien the debtor conveyed to a third person the land which was afterwards sold under the said levy, can not destroy the said execution debtor's right to redeem the land from the purchaser.

2. *Same; same; action of unlawful detainer; case at bar.*—Plaintiff in an action of unlawful detainer based his right of action on a statutory offer to redeem the land as a judgment creditor from one who had purchased the same at an execution sale made under another judgment rendered against his judgment debtor. The tender was declined on the ground that said judgment debtor, who was the defendant in the execution under which the sale was made, had previously redeemed the land. The defendant in the action of unlawful detainer defended upon the ground that the plaintiff took nothing by his tender to and its refusal by the purchaser, because prior thereto he, the defendant, had redeemed from such purchaser as a debtor in the judgment and execution under which the sale was made. The plaintiff offered to introduce a deed to the land in controversy, from the defendant to said purchaser, which was dated and recorded anterior to the recovery of the judgment against said defendant. The purpose of .this deed was to show that the defendant had parted with all his right, title and interest to the land in controversy prior to the time he claimed to have redeemed it, and that at the time of the alleged redemption he did not have such title and interest as authorized him to redeem the land. *Held*: That said deed was inadmissible in evidence, and that the fact that prior to the sale under the execution the judgment debtor had sold the land, was immaterial, since, by such sale, he was not deprived of the right to redeem, which was given by the statute to him as the debtor in execution.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. W. FOSTER.

This was an action of unlawful detainer, brought by

[Henderson v. Prestwood.]

the appellant, Charles Henderson, against the appellee, F. M. Prestwood. The facts of the case are sufficiently stated in the opinion.

From a judgment in favor of the defendant, the plaintiff prosecutes the present appeal, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ESPY & FARMER, for appellant.

SOLLIE & KIRKLAND, contra.

McCLELLAN, J.—Charles Henderson, as surviving partner, &c., was plaintiff and F. M. Prestwood was defendant below; the action being one of unlawful detainer. Plaintiff based his right of possession on a statutory offer to redeem the land as a judgment creditor of F. M. Prestwood from Georgia A. Prestwood, who had purchased the same at execution sale made under another judgment obtained against F. M. Prestwood by said Henderson. The tender was declined by Georgia A. Prestwood on the ground that F. M. Prestwood, the defendant in the execution under which she purchased, the "judgment debtor," had previously redeemed the land from her. F. M. being in possession, he was sued as upon the right of possession supposed to have accrued to Henderson by his offer to redeem, its rejection and a demand upon both F. M. and Georgia A. for possession; and he defended on the ground above referred to, viz., that Henderson took nothing by his tender to and its refusal by, Georgia A., for that prior thereto he had redeemed from her as the debtor in the judgment and execution under which she purchased. To meet this defense, plaintiff offered in evidence a deed "with covenants of warranty for an expressed consideration of $5,000 to all the land in controversy from the defendant F. M. Prestwood to his wife Georgia A. Prestwood," dated and recorded anterior to the recovery of the judgments by Henderson against F. M. Prestwood, "for the sole purpose of showing that the defendant, F. M. Prestwood, had parted with all his right, title and interest in the land in controversy prior to the time he claimed to have redeemed it, and that at the time of his alleged redemption from his wife he did not have or own any such

title or interest in or to the land as authorized him to redeem it under the law.'' And plaintiff asked that said deed be admitted in evidence for this limited purpose. The court excluded the deed on defendant's objection; and this ruling is really the only matter now presented for review.

In *Powers v. Andrews*, 84 Ala. 289, it was held that the vendee or assignee of a mortgagor's *equity* of redemption, not being named in the statute then of force among those to whom the *statutory right* of redemption was given, could not exercise that right: such assignee or vendee had an interest equal to that originally held by the mortgagor in the land, but he was not the mortgagor, and so not within the words of the statute. In *Commercial Real Estate & Building Association v. Parker et al.*, 84 Ala. 298, it was held that a mortgagor who had sold his equity of redemption before the sale under the mortgage could not exercise the right of redemption, for that though he was named in the statute he had stripped himself of all interest in the property.

The application of the doctrine of these cases to the statutory right of redemption from execution sales would, under the former statute, have led to this: If the execution debtor conveyed the land after the levy or sale, his vendee could not redeem because not named in the statute, and he himself could not redeem for want of interest in the property. But this is not to say, and we do not understand that it has ever been held, that either a mortgagor or an execution debtor can be denied the exercise of this statutory right of redemption on the ground that when the mortgage was executed or when the execution was levied they had no interest in the property sold under the mortgage or execution as their property. They are within the letter of the statute, mortgagor and debtor, and it does not lie in the mouth of a purchaser at the foreclosure or execution sale, who buys, takes and pays for whatever interest the mortgagor or judgment debtor had in the land, to say, when they come to redeem and repurchase precisely the interest which thus .passed, that they had no interest whatever in the land. In the one case the execution of the mortgage, the sale and purchase under it of the land covered by it as the property of the mortgagor, and, in the other, the levy of the execution upon the land as the property

[Henderson v. Prestwood.]

of the defendant therein, and its sale and purchase as such, is conclusive on the purchaser for all the purposes of redemption that the mortgagor in the first and the execution debtor in the latter case had an interest in the property which passed by the sale, and hence a redeemable interest under the statute after the sale. To recur to the case in hand: F. M. Prestwood when he redeemed from Georgia A. Prestwood had precisely the same interest in the land he had when the judgment or execution lien. attached, when the levy was made and when the sale took place, except as that interest was divested and passed by the sale. He had parted with nothing *after* the lien attached or *after* the Henderson's right to subject the land accrued. To the contrary, whatever interest he had when the levy was made passed by the sale into Georgia A. Prestwood; and as to that interest she held the land under the sale and subject to redemption. She stands upon the same footing as any other purchaser at execution sale in respect of the right of redemption residing in the debtor. And when he complies with the statute as to the terms of redemption, she cannot be heard to say to him: "You had no interest in the land. I, therefore, acquired none by my purchase; and there is nothing to be redeemed." Henderson himself might have purchased at that sale. Had he done so, his attitude, rights and duties would have been those of any other purchaser; the same as those of Georgia A. Prestwood who did purchase. Could he have refused redemption by F. M. Prestwood on the ground that the latter had no interest in the land? Could he have said to Prestwood that although I levied on the land as yours, and sold it as yours, and purchased it as yours, and am now holding possession of it and claiming title to it as having been yours when the levy and sale were made, and although you have not changed your relations to or interest in the land since the levy, yet it was not yours at that time, and you are, therefore, not entitled to redeem it? it was yours for the purpose of passing your title into me by the execution sale, but it was not yours for the purpose of passing that title back to you through a redemption by you in the manner the statute expressly authorizes. We cannot subscribe to a doctrine leading to such results. It is the clear intent and beneficent purpose of the statute to allow the debtor

to redeem in all cases of execution sales precisely what passed by the sale, whatever that may or may not be; and if he stands in the same relation to the land he did at the time of lien attached or levy made, except as affected by the levy and sale itself, he is entitled to redeem from the sale upon the one naked fact that he is the *debtor* in execution. That F. M. Prestwood, prior to the levy of the execution and prior to the attachment of any lien under Henderson's judgment or execution, conveyed the land in controversy to his wife was an immaterial fact in this case, and the circuit court properly excluded the deed offered for the purpose of proving it. Whether this action of the trial court is justified upon the further ground that the proposed evidence would have injected an inquiry involving title into this action of unlawful detainer, we do not consider.

Affirmed.