# Bass & Co. *v.* Benson, *et al.*

*Bill by Judgment Creditor to Redeem from Mortgage Foreclosure Sale.*

(Decided Dec. 17, 1908.   47 South. 1028.)

*Homestead; Foreclosure Sale; Who May Redeem From.*—The homestead being exempt from levy and sale, a judgment creditor of the mortgagor may not redeem the homestead of the debtor from a purchaser at the mortgage foreclosure sale.

APPEAL from Conecuh Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Bass & Co., as judgment creditors of A. H. Benson, against A. H. Benson and others, to redeem lands sold under mortgage belonging to A. H. Benson. From a decree for respondent, complainants appeal. Affirmed.

The case as made by the pleadings and proof is that Bass & Company recovered a judgment for a given

amount in the circuit court of Conecuh county against A. H. Benson. That A. H. Benson had given the mortgage to one Savage, who foreclosed the same under the power thereof, and that W. H. Benson became the purchaser at and for a given sum, and that complainants had tendered said sum with the requisite interest thereon to said purchaser for the purpose of redeeming. The respondent answered setting up its plea that the lands of A. H. Benson which was mortgaged and sold thereunder and purchased by W. H. Benson was the homestead of said A. H. Benson, and occupied by him as such at the time of the making of the debt, and the recovery of the judgment, and at the time of the execution of the mortgage and the sale thereunder. These various facts appear not to have been disputed. The chancellor held that the lands were of the homestead, not subject to levy and sale under execution or other process and that complainants had no right of redemption.

JAMES F. JONES, for appellant. Counsel discuss assignments of error and criticize the case of *Power v. Robinson & Co.,* 90 Ala. 225, as applicable to the case at bar, but without citation of authority.

HAMILTON & CRUMPTON, for appellee. The land sold under the mortgage being a homestead of less than 160 acres of land, and in value less than $2,000, was exempt from creditors under section 2033, Code 1896; hence, was not subject to redemption from mortgage sale at the instance of a creditor.—*Kennedy v. First Nat. Bank,* 107 Ala. 181; *First Nat. Bank v. Brown,* 128 Ala. 559; *Powers v. Robinson & Co.,* 90 Ala. 225.

DOWDELL, J.—The sole question presented by the record in this case is whether or not a judgment creditor may redeem under the statute (section 3510 of the Code of 1896) from a purchaser at a mortgage foreclosure sale of the judgment debtor's homestead.

That the debtor's homestead, within the area and value named in the statute, is not subject to levy and sale on execution for a simple contract debt, cannot be questioned. On the principle laid down in *Powers v. Robinson & Co.,* 90 Ala. 225, 8 South. 10, we can see no escape from the conclusion that the right of redemption under the statute is not given to a judgment creditor as to the debtor's homestead, which under the law is exempt from levy and sale on execution in favor of the judgment creditor.. The decree appealed from must be affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.