# Sibley *v.* Linton Coal Co.

*Bill by Judgment Creditors to Redeem Land from Fore-closure Sale.*

(Decided December 17, 1914. Rehearing denied June 30, 1915. 69 South. 1.)

1. *Mortgages; Foreclosure; Redemption; Creditors.*—Under section 5752, Code 1907, a judgment creditor is not entitled to redeem from a mortgage foreclosure sale, unless he could have acquired title to the land by levy and sale under execution on his judgment, if such sale had not been had.

2. *Same; Redemption; Statutory Right.*—The right given by section 5752, Code 1907, to a judgment creditor to redeem from fore-closure sale is no greater than the right of the mortgagor and where the mortgagor could not redeem for want of an equitable title the creditor cannot redeem.

3. *Same.*—Where the debtor had no title, legal or equitable, to the property·at the time of the foreclosure sale, the statutes do not allow redemption therefrom, and·he can only redeem when the fore-closure sale forecloses rights which he could exercise but for the sale.

4. *Same; Rights of Purchaser.*—A purchaser at a foreclosure sale, who has no title than that acquired at the sale, cannot dispute the title of a mortgagor, or the title of one claiming from him.

5. *Same.*—Where a purchaser at a mortgage foreclosure sale acquired no title other than that which was acquired at the sale, he is not in position to resist a judgment creditor's claim to redeem, if the judgment was not obtained by fraud, collusion or consent; if, however, the purchaser had acquired the legal and equitable title by other means than the sale, and the statutory right of the debtor to redeem was lost before the sale, the judgment creditor had no statutory right of redemption.

6. *Same.*—Where the equitable title of the mortgagor was conveyed to a grantee before a mortgage foreclosure sale, and the grantee conveyed to a third person who subsequently purchased at the mortgage foreclosure sale, and the deeds were not delivered until after foreclosure sale, but were delivered before any rights of a judgment creditor of a mortgagor had attached, such judgment creditor could not redeem from the foreclosure sale under section 5752, Code 1907.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. L. Sibley against the Linton Coal Company to redeem land from mortgage foreclosure sale. There was decree for respondent, and complainant appeals. Affirmed.

HENRY K. WHITE, J. M. CHILTON, and W. F. THETFORD, JR., for appellant.

CABANISS & BOWIE, for appellee.

MAYFIELD, J.—(1) The decree in this case must be affirmed, for the reason that it appears without dispute that complainant had no right to maintain this bill. The bill is by a judgment creditor, to redeem lands from a sale under a decree of chancery foreclosing a deed of trust. The only asserted equity is that given by section 5752 of the Code, and its kindred sections. That is to say, the only right asserted is the statutory right given by these provisions of the Code.

In the case of *Powers v. Robinson*, 90 Ala. 225, 229, 8 South. 10, 11, it was ruled that: "To authorize redemption by a judgment creditor, the title of the defendant (in judgment) must have been such as that, in the absence of the sale from which redemption is sought, a valid sale of the property could be effected through an execution issued upon the judgment, under which the redemption is attempted to be made."

This statute has been frequently readopted with this construction placed upon it, and we do not feel willing to depart from it, but feel bound by it.

(2) While this complainant may be within the letter of the statute authorizing judgment creditors to redeem from foreclosure and execution sales, he is not within the spirit of the statute. Judgment creditors are given the right by the statute to redeem, but they are

not given additional, or greater, rights than those of the debtor himself. If the debtor would have no right to redeem from a given sale, surely the creditor of the debtor could have no such right, because the statute merely confers on the judgment creditor the rights which the debtor has. If the debtor does not exercise the right, then the judgment creditor or others are authorized to exercise the right. Both cannot exercise the same right to redeem from the same purchaser, and it is certain that if a debtor has no right of redemption to exercise, as to a given sale, then, of course, his creditors, personal representatives, children, or assignees, can have none; because they acquire the right solely on account of their relation to the debtor. The debtor, the Warrior Coal Company, could not redeem the lands in question because it had parted with its equity of redemption long years before the sale under which this respondent acquired title, and from which the redemption is sought; and this respondent had acquired the equity of redemption, and the statutory right was lost long before the sale or the filing of this bill. If the complainant had caused execution to issue on his judgment, and had levied on the lands in question and a sale had been made thereunder, no title whatever would have passed, though the sale under which respondent purchased had been absolutely void. That is, the debtor had no interest whatever, legal or equitable, in the lands in question, when the sale was made, from which the redemption is sought. The equitable title of the debtor was conveyed by an execution sale and deed to Mrs. Jane E. Sibley, long before the sale from which this redemption is sought, and the statutory right of the debtor was barred, as to the sale to Mrs. Sibley, and she and the debtor had both thereafter con-

[Sibley v. Linton Coal Co.]

veyed to this respondent. So every vestige of title, right, or claim had either passed out of the debtor by execution conveyance, or had been barred, before the sale in question and before this complainant ever obtained a judgment.

(3) The statutes were never intended to allow a debtor to redeem property as to which he had no title or interest, legal or equitable, at the time of sale; it is only when the sale cuts off or forecloses rights which he would have and could exercise but for the sale, that the statutory right of redemption is conferred. It is true that, when the debtor comes in to exercise his statutory right, he has no title, legal or equitable, because the previous conveyances, mortgages, or execution sales, have passed the lgal title out of him, and, if a foreclosure sale, this cuts off or destroys his equity, but it then sets the statute to running as to when he should exercise the right or privilege conferred.

(4, 5) The purpose of the statutes is to allow the debtor to redeem, in all cases of sale, that which passed by the sale—that and nothing more. If nothing passed by the sale, there is nothing to redeem. Of course, one who purchases at a foreclosure sale, and who has no other title or claim than that which he acquired at the sale, is not in a position to dispute the title of the mortgagor, or him from and through whom he claims to acquire title. This was held, and correctly so, in the case of *Henderson v. Prestwood*, 115 Ala. 464, 22 South. 15; but where, as in this case, the purchaser has acquired the legal and equitable title, before, and without the foreclosure sale, and the statutory right of redemption of the debtor is barred or gone, and has theretofore passed into the purchaser at the foreclosure sale, such sale of course passes no title or right,

either legal or equitable, and there is nothing to redeem, because nothing was sold.

To restate the proposition: If this respondent, the purchaser at the foreclosure sale, had no title or claim other than that which it acquired at the foreclosure sale, it could not resist this claim of complainant to redeem, provided the complainant's judgment was not obtained by fraud, collusion, or consent; but when it appears that the respondent had acquired the legal and equitable title to the lands in question by other means than the sale, and that the debtor's statutory right to redeem was lost before the sale, then, of course, there can be no right of redemption, equitable or statutory, in any one; the perfect title, free from any statutory right of redemption, was merged in the purchaser when it purchased at the foreclosure sale.

(6) It is claimed by the appellant that the deeds from the trustees, the mortgagor, and Mrs. Jane E. Sibley, who purchased the equity of redemption, were not delivered to this respondent until after the foreclosure sale. This can make no difference in the result, for two reasons: First, because this is a court of equity, and that which ought to have been done will be treated as already done; the sales were made, and the deeds were executed, save as to a mere formal delivery, before the foreclosure sale. Moreover, the deeds were delivered long before any rights of this complainant ever attached.

The position of this respondent, in law and in equity, is the same as if the Warrior Coal Company, the mortgagor, had, after the execution of the mortgage and deed of trust, sold and conveyed the lands to Mrs. Jane E. Sibley, and she had subsequently sold and conveyed to the respondent, and it had subsequently purchased

[Sibley v. Linton Coal Co.]

at the foreclosure sale. In this event, of course, the mortgagor, the Warrior Coal Company, could not have redeemed, because nothing of its was sold. If it had no interest or claim in the lands sold, upon which to hinge the statutory right of redemption, surely its creditors had none. In the absence of fraud on the part of a debtor, his creditors can have no greater rights against purchasers from the debtor than the debtor himself had.

This much was expressly decided in the case of *Commercial Real-Estate & Building Ass'n v. Parker et al.*, 84 Ala. 298, 301, 302, 4 South. 268, 269, 270. In that case it was said, per Somerville, J., speaking of the right of a mortgagor, who had conveyed his equity of redemption, to exercise the statutory right: "The inquiry is: Can the debtor still exercise it, although he has no interest in the property sold at the time of the sale? Does the statute contemplate that he shall redeem property in which he has no interest or estate? The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the rescuing from sacrifice of the debtor's property—not the property of another. We construe the statute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property—property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, because the right cannot exist except as an incident of ownership. Any other construction of the statute would lead to incongruities that would seem to be inharmonious with the general legislative intention as apparent from the context of the entire law. Under this view James Parker had lost his right to redeem, at the time the bill was filed, by the transfer of his entire interest in the property to his wife."

Here, the mortgagor had not only attempted to convey away his equity of redemption, but had conveyed to this respondent, from whom the redemption was sought. Moreover, the equity of redemption in these lands was sold and conveyed to Mrs. Jane E. Sibley, long before the foreclosure sale from which this redemption is sought, and she, in turn, had conveyed to this respondent, long before the complainant was a judgment creditor or had any right to redeem, if his debtor had any such right.

This record thus conclusively shows that there was a complete merger of all titles, rights, claims, and demands, in and to these lands, in this respondent, long before this complainant ever claims to have acquired a right to redeem.

There is another way of stating the case, which entirely eliminates all claim of right in this complainant to redeem. It appears without dispute that if execution had been issued on complainant's judgment, and levied on the land in question, and a sale and conveyance had thereunder, it would have passed no title, right, claim, or demand, to the lands in question, though no foreclosure sale had even been had. As before stated, a judgment creditor in this condition cannot redeem. This was expressly decided in the case of *Powers v. Robinson,* 90 Ala. 225, 8 South. 10, as already quoted.

In the case of *Bass v. Benson,* 158 Ala. 306, 47 South. 1028, it was held for this very reason that a judgment creditor could not redeem as to the homestead of his debtor, because the property was not subject to his execution. There the debtor could redeem, but the creditor could not. The creditor in that case, like the complainant in this case, was within the letter, but not within the spirit, of the statutes. That case rested

squarely on the ground that the property was not subject to execution sale if there had been no foreclosure sale.

The instant case is a stronger case. Here, there was not only lacking a leviable interest in the mortgagor, but there was no interest at all—leviable or not leviable.

In the case of *Francis v. Sheats,* 153 Ala. 468, 45 South. 241, 127 Am. St. Rep. 61, it was decided that where the mortgagee acquires in good faith the mortgagor's right of redemption, he thereby obtains an indefeasible title in fee simple; and that neither the mortgagor nor his heirs could redeem, without setting aside the sale by which the mortgagee acquired his otherwise indefeasible title; and if the mortgagor could not redeem, surely his creditors, in the absence of fraud, could not do so.

It would be an anomaly to hold that a judgment creditor, in the absence of fraud, could acquire property as being that of his debtor, when in fact and in law the property was not that of his debtor, nor property which the debtor could acquire.

Able counsel for appellant, in several separate briefs, have attempted to distinguish this case from those cited above, and to argue that this respondent is estopped from disputing the title of the mortgagor. We cannot agree to these conclusions of counsel for appellant. We think the cases are in point, and not distinguishable from the case at bar, and lead irresistibly to the conclusion that complainant cannot maintain this bill. There is no room for the application of the doctrine of estoppel against this respondent. It does not attempt to deny that the mortgagor once had title to the land, and that it acquired this title; in fact this is the title

it asserts. It only claims that it acquired this title by other conveyances than the foreclosure deed, and that the mortgagor had parted with all title and claim which the respondent acquired, before the forclosure sale. We find no word or deed of the respondent that estops it from asserting the defense thus set up in the answer. The doctrine of estopped announced in the case of *Henderson v. Prestwood,* 115 Ala. 464, 22 South. 15, finds no application to the facts, even the undisputed facts in this case.

As before stated, several able counsel for appellant have filed in this court several splendid and lengthy briefs, arguing many other questions in the case, which it is unnecessary for us to decide, for the reason that we are convinced that, under the undisputed evidence in this case, the complainant showed no right to any relief against this respondent.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

### IN RESPONSE TO APPLICATION FOR REHEARING.

PER CURIAM.—The case of *Trimble, v. Williamson,* 49 Ala. 525, is not, when carefully examined, in conflict with the decision in this case. In that case it is said that "the statutes create a broad distinction between the right of the debtor and the right of the creditor," and the opinion then proceeds to point out these differences in lucid and forceful language; but the opinion in that case, as in this, and all other cases, must be referred to, and construed in connection with, the case or subject being treated. In that case the rights of the debtor and of the creditor to redeem had both attached,

[Sibley v. Linton Coal Co.]

and it was decided that the bankruptcy of the debtor did not destroy the right of the creditor to redeem; that these rights were separate and distinct, and not dependent one upon the other. But that case did not decide, nor is it said or intimated in the opinion, that either of them could redeem if the debtor had no right, title, interest, or claim to the land when it was sold under the mortgage or execution. That case did not decide, nor does the opinion say, that a sale under a mortgage deed of trust, or execution, will confer a right to redeem upon the debtor or the creditor, if the debtor or creditor would have had no right, title, interest, or claim to the land if there had been no such sale; but that case does decide, and the opinion says, that: "The right of redemption is secured to the debtor whose land is sold, and to his judgment creditors. It is not extended to creditor generally, but only to judgment creditors, whose judgments would, but for the sale, operate a lien on the land."

This is exactly what we decide in this case, and what was dceided in the cases cited in the opinion in this case. The right is not extended to all creditors, nor to all judgment creditors, but only to those of the latter class, whose judgments would, but for the sale from which redemption is sought, operate as a lien upon the land sought to be redeemed.

It is conceded in this case that complainant's judgment could not possibly operate as a lien on the land in question, if there had been no forcelosure sale; because neither the debtor nor the creditor had any kind of interest, right, or claim to the land when the foreclosure sale was had, or when the judgment was obtained.

Application overruled. All the Justices concur.

[Tribble v. Wood, et al.]

### IN FURTHER RESPONSE TO APPLICATION FOR REHEARING.

Before the relation of debtor and creditor ever existed between the complainant and the mortgagor, all the right, title, interest, claim, and demand of the mortgagor, as well as of his creditors, in and to the lands in question were gone. All these rights, including the legal title, the equity of redemption, and the statutory right, had passed out of the debtor and his creditors. How is it possible, by statute or otherwise, to again subject this same property to pay the debts due the subsequent creditors? This would clearly be subjecting one man's property or rights to pay the debts of another; and this our redemption statutes never intended to do.

Redemption from a sale ex vi termini means reviving a right which was lost by virtue of the sale. If no right existed when the sale was made, none could be lost thereby; and there is, and can be, nothing to redeem. This we think a conclusive answer to every contention made by appellant in all his numerous briefs on the original hearing and on the application for a rehearing. We have devoted much time to this appeal, and we feel no doubt as to the correctness of our conclusions