147 So. 666

**CHATTANOOGA METAL CO. et al. v.
PROCTOR.**

**8 Div. 467.**

Supreme Court of Alabama.
April 20, 1933.

Ernest Parks, of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellee.

FOSTER, Justice.

The chief question which counsel argue in this case is whether a creditor whose claim has been reduced to judgment in another state, but not in Alabama, is such a judgment creditor as may redeem lands of the debtor situated in Alabama, which were sold for taxes, as such right of redemption is conferred by section 3109, Code. We think the answer is clear that he is not such judgment creditor, and not entitled to the benefit of that statute, since it is only as such that he seeks a redemption. That was the ruling of the circuit court, in equity, as we understand the effect of the decree.

Section 3109, Code, confers the right, besides others not necessary here to mention, on "any person having an interest therein [the land sold], or in any part thereof, legal or equitable, * * * including a judgment creditor, or other creditor having a lien thereon, or on any part thereof."

A creditor without a lien, but whose claim is reduced to a judgment in a foreign state, but not in Alabama, cannot redeem in Alabama, from a tax sale under the statute, for the reason that he is not a judgment creditor as there declared. This court long ago held that a foreign judgment creditor, asking the aid of a court of equity in Alabama, occupies the position of a general creditor only, and not of a judgment creditor. Saffold v. Wade's Ex'r, 51 Ala. 214; Freeman v. Jordan, 17 Ala. 500. In more recent cases we have referred to the same principle. Conti-

nental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883; Calkins v. Calkins, 217 Ala. 378, 115 So. 866.

This is elsewhere said to be the general rule. 27 Corpus Juris, 738; 34 Corpus Juris, 1104, 1137. In all of them it is pointed out that such principle does not conflict with the full faith and credit clause of the Federal Constitution. Art. 4, § 1.

It has also been an established rule for the construction of Alabama statutes conferring rights which involve property interests upon judgment creditors that such rights exist only when the judgment creditor has thereby acquired a right to make a valid sale of the property through execution. Sibley v. Linton Coal Co., 193 Ala. 182, 69 So. 1; Powers v. Robinson, 90 Ala. 225, 8 So. 10; Bass & Co. v. Benson, 158 Ala. 306, 47 So. 1028; Sparks v. Weatherly, 176 Ala. 324, 58 So. 280; Trimble v. Williamson, 49 Ala. 525.

The pleadings in this case show that the right of redemption sought under section 3109, Code, is claimed by virtue of a judgment in Georgia. They do not therefore thereby show such a right.

The demurrers to the bill are all we think controlled by the principles we have discussed. The decree of the court in overruling them was without error.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.