195 So.2d 534

Joe Neal BUTLER, Jr.

v.

FAYETTE SEED FARMS, INC.

6 Div. 371.

Supreme Court of Alabama.

Feb. 16, 1967.

C. M. Holder, Holder & Moore, Fayette, for appellant.

Nolen & Enslen, Fayette, for appellee.

HARWOOD, Justice.

The complainant filed a bill seeking to redeem certain real estate in which his father owned an interest at the time of his death, a mortgage on said real estate having been foreclosed on 15 July 1960.

To the bill appellant filed five pleas. Demurrers were overruled as to all but Plea 1.

Thereafter, and by agreement, the court heard the evidence submitted on stipulated facts as to Plea 1, and entered a judgment that Plea 1 was sufficient and should be sustained. Thereupon the complainant refused to plead further and moved to dismiss his bill without prejudice, and with leave to appeal. This motion was granted.

The stipulated facts submitted in the hearing on Plea 1 show that Joe N. Butler, Sr., father of the complainant, and his two brothers were joint owners of a tract of land, referred to as the "South place."

Another tract of land, referred to as the "North place" was owned individually by Jack S. Butler, one of Joe N. Butler's two brothers, and one of the joint owners of the South place.

On 15 October 1951, the three brothers executed a mortgage covering both places to the Citizens Bank of Fayette.

On 13 March 1953, Joe N. Butler, Sr., father of the appellant, died testate. His will was admitted to probate on 31 March 1953, and by its terms Joe N. Butler, Sr., devised all of his real estate to his widow, Marie Butler, the mother of appellant.

On 25 February 1956, Marie Butler conveyed to Jack S. Butler, without warranty, her one-third interest in the South place, subject to existing mortgages.

The mortgage debt being unpaid, the bank foreclosed the mortgage, advertising and foreclosing both tracts together. The mortgage foreclosure sale was had on 15 July 1960. This was some four and one-half years after the conveyance by Marie Butler of her interest acquired under the will of Joe N. Butler, Sr.

The appellee is successor in title to the purchaser at the mortgage foreclosure sale. On 25 January 1962, Joe N. Butler, Jr., as a child of Joe N. Butler, Sr., notified the appellee of his desire and intention of redeeming the South place, and demanding the amount necessary to so redeem.

The appellee first denied any right of redemption in appellant, but, without admitting such right, did attach a statement of the amount necessary to redeem the South place.

Feeling this statement exorbitant, the appellant filed his bill to redeem the South place on 23 June 1962.

Section 727, Title 7, Code of Alabama 1940, in pertinent parts, provides:

"Where real estate, or any interest therein, is sold under execution, or by virtue of any * * * power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, *child,* heir at law, devisee, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within two years thereafter in the manner provided in this chapter." (Italics ours.)

In Braly v. Polhill, 231 Ala. 633, 166 So. 419, it appears to have been held that a child having no interest in the mortgaged property at the time of the foreclosure of the mortgage, was not entitled to exercise a statutory right of redemption under Section 727, supra. However, in Malone v. Nelson, 232 Ala. 243, 167 So. 714, that part of the opinion in *Braly* was modified insofar as it held that a child of a mortgagor must show an interest in the property at the time of foreclosure in order to exercise the statutory right of redemption under 727, supra. Justice Brown dissented, adhering to the doctrine of *Braly,* Gardner, J., concurring in the dissent. In Long v. King, 233 Ala. 379, 171 So. 738, Gardner, J., who authored the opinion, observed that though he had concurred with the views of the dissenting opinion in Malone v. Nelson, supra, the majority of the court had ruled that a child, as used in 727, supra, did not mean a child only with some character of interest in the property at the time of foreclosure, and such point must be considered as concluded.

In Huie v. Smith, 236 Ala. 516, 183 So. 661, it was stated that no person in the list of those named in the statute granting a right of redemption, can cut off the rights of another not in privity with him in ownership of the statutory right of redemption except by the exercise of the statuory right as a prior redemptioner, the statutory right of redemption being a personal privilege.

Even though a personal privilege, it would appear that the holder of the privilege should have some nexus with the mortgage at the time of the foreclosure, such as a child of the mortgagor at the time of the foreclosure.

An excellent exposition of the history of Section 727, supra, may be found in the dissenting opinion of Brown, J., in Malone v. Nelson, supra. The precursor of Section

727, supra, first appeared in the Code of 1852, when the statutory right of redemption was conferred on the "debtor" which of course would include the mortgagor. In the Code of 1896, Section 3505, "vendee, junior mortgagor or assignee of the equity of redemption" were added as persons upon whom the privilege was conferred.

In the Code of 1907, the debtor's "wife, widow, child, heir at law, devisee, or his vendee or assignee of the right to redeem" were incorporated.

It is stated in Baker, Lyons and Co. v. Eliasberg and Bros. Merc. Co., 201 Ala. 591, 79 So. 13:

"These amendments of the statute are in harmony with the view expressed by Judge Stone, and with the general authorities on the question—that he who may redeem must have an interest derived mediately or immediately from, or through, or in the right of the mortgagor, so as to constitute him the owner of a part of the mortgagor's original equity."

The observation and view of Judge Stone above referred to is found in his separate opinion, partly concurring, in Powers et al. v. Andrews, 84 Ala. 289, at 294, 4 So. 263, at 266, wherein he wrote:

"The statutory right to redeem is not property, but a mere privilege conferred by law. This naked right or privilege is not the subject of bargain and sale. A mortgagor, or defendant in a judgment or decree, whose land has been sold under one or the other, may exercise this statutory right at any time within two years, provided the right remains in him when the sale is made. It is, however, a mere incident to ownership; and, if before the sale, he has parted with his interest,—in one case, the equity of redemption, and in the other, the title to the land,—he has then lost his statutory right to redeem. There can be no incident without a principal, and the former cannot exist after the latter—ownership —has ceased to exist. The one is dependent on the other, and the statutory right cannot survive its severance from the property right."

All of the cases cited by counsel and those we have found in our research, relating to the exercise of the statutory right (privilege) of redemption by a child of the mortgagor, concerned the child's privilege of redemption where the mortgagor-parent had not disposed of his entire equity in the land prior to the foreclosure of the mortgage.

The present case involves a factual situation where the father-mortgagor devised to his wife (mother of appellant) all of his real estate. Upon the death of the husband-mortgagor and the probate of his will, the widow thereby acquired the entire equity of the husband in the land. Within a few months of the acquisition of this equity, the widow disposed of her equity in the land by deed, subject to the mortgage executed by her deceased husband. The statutory right of redemption provided under Section 727, supra, can only spring into existence upon the foreclosure of the mortgage. A person who attempts to exert this privilege must show that at this time, and within the time allowed thereafter (two years), he was within the class of redemptioners provided in the statute. If before the foreclosure a parent-mortgagor has disposed of his entire equity in the land, then clearly all of his rights, title, powers, and privileges in and to the land, are thereafter non-existent. Perforce all of his child's privileges, including the privilege of statutory redemption must necessarily be deemed to have been rendered non-existent by his parent-mortgagor's act.

We hold that under the facts of this present case, the appellant had no statutory right of redemption, and the judgment of the lower court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.