# Powers *et al. v.* Andrews.

*Bill in Equity by Assignee of Equity of Redemption to Redeem after Sale of Mortgaged Lands.*

1. *Sale of lands under power in mortgage.*—A sale of lands under a power contained in a mortgage, is equivalent to a decree of foreclosure; and cuts off the equity of redemption, leaving nothing in the mortgagor or his heirs but the statutory right of redemption.

2. *Who may redeem under statute.*—The statutory right of redemption is confined to the persons upon whom it is expressly conferred (Code of 1886, §§ 1879–91); and it is not conferred upon a junior mortgagee, or assignee of the equity of redemption. (*Bailey v. Timberlake,* 74 Ala. 221, overruled.)

APPEAL from Lauderdale Chancery Court.
Heard before the Hon. THOMAS COBBS.

The bill was filed by appellee, Andrews, as assignee of the equity of redemption, and sought to redeem certain real estate which had been sold under a power in a mortgage executed before the assignment of the equity of redemption.

The real estate in question was mortgaged March 4, 1882, to Mrs. Irvine by McAlister & Jackson, to secure payment of a promissory note which fell due in March, 1884 In February, 1885, McAlister & Jackson, becoming insolvent,

[Powers et al. v. Andrews.]

made an assignment for the benefit of their creditors, by which they conveyed certain property, including all their right, title and interest in the real estate theretofore mortgaged to Mrs. Irvine, to the appellee Andrews, who was named in the assignment as trustee. In August, 1886, this real estate was sold under a power in the mortgage and Mrs. Powers, one of the appellants, became the purchaser. In April, 1887, the trustee, Andrews, filed his bill against Mrs. Powers and her husband, seeking to redeem the real estate in question. The defendants filed a demurrer, which the chancellor overruled, and defendants appealed.

SIMPSON & JONES, for appellants, cited *Otis v. McMillan,* 70 Ala. 47; *Parmer v. Parmer,* 74 Ala. 285; *Mewburn v. Bass,* 82 Ala. 622.

EMMET O'NEAL, *contra,* cited *Bailey v. Timberlake,* 74 Ala. 220; 9 Humph. 726; 5 *Ib.* 619; 6 *Ib.* 65; 1 Pick. 485; 16 *Ib.* 46; 4 Sand. 89; 2 Cald. Tenn. 167; 71 Ala. 298; Burrill on Assignments, 5 Ed., p. 144, note 5; 5 Pick. 281; 1 Cald. Tenn. 301; Freeman on Ex., § 317; 21 Cal. 108; 40 Ill. 296; 1 L. & E. R. 135; 10 Cal. 552; Story's Eq. 1023.

SOMERVILLE, J.—The question of principal importance is the right of the appellee, Andrews, who was complainant in the court below, to exercise the privilege of redeeming the land in controversy, consisting of a lot in the town of Florence. The land being owned by McAlister and Jackson was, on March 4th, 1882, mortgaged to Mrs. Irvine. Subsequently, on February 2d, 1885, the mortgagors becoming insolvent, made an assignment for the benefit of their creditors by which they conveyed certain property, including all their right, title and interest in this mortgaged lot, to Robert Andrews, the appellee, who was named in the assignment as trustee. The mortgage of Mrs. Irvine was duly foreclosed under a power of sale contained in the instrument, and, on the 9th of August, 1886, at the sale, Mrs Powers, one of the appellants, became the purchaser. Upon this bill being filed by the trustee, on April 4th, 1887, the chancellor held, that, being an *assignee* of *the equity of redemption,* he was entitled to exercise the *statutory right of redemption,* under the provisions of the code regulating the redemption of real estate sold under execution, decree, mortgage, or deed of trust. Code, 1886, §§ 1879–

[Powers et al. v. Andrews.]

1891; Code 1876, §§ 2877–2889. In *Bailey v. Timberlake*, 74 Ala. 221, decided in 1883, it was held, apparently without consideration at any length, that a junior mortgagee, who acquired his interest in the land before the sale by the prior mortagee, was entitled to redeem from a purchaser at a sale made under the power contained in such prior mortgage. No reason was given for this conclusion, and we are now asked to reconsider it upon the ground that the decision is not only inconsistent with the view taken by this court in other cases of the statutory right of redemption, but it is by strong implication repugnant to the terms of the statute itself.

It has often been said by this court that this right of redemption under the statute is purely the creature of legislation, and has no existence without it. It is essentially different from the equity of redemption, recognized by the common law. That right is *property*, capable of sale by transfer, or under execution, or decree of a chancery court. It can only be exercised before a foreclosure of the mortgage under a decree of a court of equity, or before a sale, under a power in the mortgage. It cannot be exercised after a valid foreclosure either under a power of sale, or under a decree, unless in the case of voidable sales, where the mortgagee has acted as both seller and purchaser without the consent of the mortgagor, so as to justify the court in setting aside the sale for constructive fraud,—*Downs v. Hopkins*, 65 Ala. 508; *Cramer v. Watson*, 73 Ala. 127. The statutory right of redemption, on the contrary, comes into existence only after the equity of redemption proper has been cut off by sale or foreclosure. Until then, it would seem, it can not spring into life. And we have uniformly decided that this privilege is neither property, nor the right of property—that it is not subject to levy or sale as such under execution—and that it is a right or privilege *personal* to the debtor. —*Parmer v. Parmer*, 74 Ala. 285; *Otis v. McMillan*, 70 Ala. 46, 62; *Childress v. Monette*, 54 Ala. 317; *Mewburn v. Bass*, 82 Ala. 626; *Cooper v. Hornsby*, 71 Ala. 62; *Seals v. Pheiffer*, 77 Ala. 278. It necessarily follows from these principles, which are now too well settled to be disturbed, that the statutory right of redemption can only be exercised by the persons named in the statute, in the mode, within the time and upon the conditions there prescribed; although in construing the statute it must be interpreted liberally in favor of the debtor to prevent the oppressive sacrifice of his estate.

The statute itself provides, in detail and very fully, for

[Powers et al. v. Andrews.]

the mode in which the right may be exercised, and the circumstances which authorize it, and the remedy for enforcing it.    The right is conferred only on the following named classes of persons:    (1) The *debtor* himself; (2) any judgment *creditor* of the debtor, whose judgment has not been obtained by fraud, collusion, or confession; (3) The *executor* or *administrator* of the debtor; (4) The *heirs* or *devisees* of the debtor; (5) The *executor* or *administrator* of any *judgment creditor* of the debtor; (6) A *child* who was the *grantee* of his parent, who owned the land sold.—Code, 1886, §§ 1879, 1883, 1891, 1887.

It will be observed that there is no mention among these, in general terms, of the assignee, mortgagee, or vendee, of the debtor.    There is singled out but one particular class of assignees or grantees.    These are the children of the owner of the land to whom he may have conveyed it.    The only allusion to a *mortgagee* any where in the statute is found in section 1887, which declares that a mortgagee, or beneficiary in a deed of trust, shall be considered as " a creditor" within the meaning of the statute, when he has become the *purchaser* of the debtor's property at a sale (under his mortgage, or deed of trust) and then only to the extent to which his mortgage remains unsatisfied, thus placing him upon the same basis with a plaintiff in execution, who has become a purchaser under his judgment.—Code, 1886, § 1887. The purpose of this provision is manifestly to enable him to resist a redemption from himself to the extent authorized in section 1884, and to confer on him the right to recover the premises by an action of unlawful detainer, which is conferred on creditors in section 1886.—Code, 1886, §§ 1884-1886.    We repeat that it is no where said that a mortgagee, vendee, or other assignee of the debtor may redeem from any one after a sale of the land under execution, or by any of the other modes of sale specified, except in the single instance of a *child* of the debtor.

If we look for the legislative intent in the words which the legislature has embodied in the statute—the only safe rule of construction where the language of the act is explicit—we can not conclude that they intended to confer the right to redeem upon any other *assignee* of the debtor, than the one named, whether he be a vendee or a mortgagee. The enumeration of the six classes specified in the statute is, by irresistable implication, an exclusion of all other classes not named.    This implication is rendered more forci-

[Powers et al. v. Andrews.]

ble by section 1891 of the Code, which particularly enumerates the *vendee* of the *purchaser* among those against whom the right of redemption may be exercised. The omission to state that the right may also be exercised in favor of the vendee of the debtor can not be unintentional, or without some signification. The maxim forcibly applies, *expressio unius est exclusio alterius.* If the courts can remold the statute, under the idea of supplying one *casus omissus*, they can, on a like principle, insert any number that may be deemed fit, under the colorable pretext of liberally construing a humane and beneficial enactment.

This conclusion is strengthened by section 2616 of the Code of 1886, which constituted section 3227 of the Code of 1876, and provides a limitation of five years on the bringing of "all actions founded on *equities of redemption,* where lands have been sold under a decree of the court of chancery, existing in any person not a party to the proceedings, who claims under the mortgagor or grantor in the deed of trust." Code, 1886, § 2616. The established rule is, that a junior mortgagee, or other incumbrancer, who is not made a party to a suit brought by a senior mortgagee to foreclose his mortgage, is not bound in any manner by the decree of foreclosure.—*Bradley v. Snyder,* 58 Amer. Dec. 564; *Hunt v. Acree,* 28 Ala. 580; *Haines v. Beach,* 3 John. Ch. 459. In the absence of some statutory limitation, therefore, the right of a second mortgagee to redeem, under the principles of the common law, where he has been omitted to be made a party to such a proceeding, would continue as long as his mortgage was operative, and might, therefore, in some cases last twenty years. The sole purpose of this section of the Code is to reduce this time in such a case to a limit of five years.—*Cooper v. Hornsby,* 71 Ala. 62; *Wiley v. Ewing,* 47 Ala. 418.

The assignee of the equity of redemption, Andrews, had the common law right to redeem the land in controversy, as a junior mortgagee, at any time before the sale under the power of sale contained in Mrs. Irvine's prior mortgage. But this sale under the power as effectually cut off this equity of redemption, and destroyed all rights incident to it, as if there had been a strict foreclosure by judicial procedure in a court of chancery, and the junior mortgagee had been made a party to it. When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of

[Powers et al. v. Andrews.]

redemption by privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular *subpœna* in an ordinary foreclosure suit.—*Childress v. Monette*, 54 Ala. 317. The sale, in other words, destroys the equity of redemption, and in this State transmutes it into a naked *statutory* right of redemption, limited to two years, with new incidents, privileges and liabilities, which are particularly set forth in the statute.—*Harris v. Miller*, 71 Ala. 26; *Sloan v. Frothingham*, 72 Ala. 589.

The Supreme Court of Tennessee have given a more liberal construction to their statutes of redemption than has been given to the Alabama statute, holding, as they do in that State, the right of redemption to be property and transferrible by the debtor, as such, either before or after the sale of the debtor's land.—*Graves v. McFarland*, 2 Cold. 167; *Hepburn v. Kerr*, 9 Hump. 726. Their decisions are not, in our opinion, consistent with the views of this court as to the personal nature of the right to redeem, as created by our statute, nor with the expressed intention of the law making power as to the particular classes of persons, who are specially authorized to exercise the right.

The case of *Bailey v. Timberlake*, 74 Ala. 221, *supra*, being inconsistent with these views is hereby overruled.

The chancellor erred in holding that the complainant was entitled to redeem the land in controversy. His decree is accordingly reversed, and a decree will be entered in this court dismissing the bill.

Reversed and rendered.

STONE, C. J.—The statutory right to redeem is not property, but a mere privilege conferred by law. This naked right or privilege is not the subject of bargain and sale. A mortgagor, or defendant in a judgment or decree, whose land has been sold under one or the other, may exercise this statutory right at any time within two years, provided the right remains in him when the sale is made. It is, however, a mere incident to ownership, and if before the sale, he has parted with his interest—in one case, the equity of redemption, and in the other, the title to the land—he has then lost his statutory right to redeem. There can be no incident without a principal, and the former can not exist after the latter—ownership—has ceased to exist. The one is depend-

ent on the other, and the statutory right· can· not survive its· severance from the property right.

Construing the statute remedially, I would prefer to hold that the incident follows the principal—the ownership— whithersoever it may go; and that whoever owns the equity of redemption, or title, as the case may be, at the time of foreclosure or sale, has the statutory right to redeem, as an incident of that ownership. This would lead to a different result in this case from that which my brothers have reached.

