# Commercial Real Estate & Building Association *v.* Parker *et al.*

*Bill in Equity to Redeem Real Property by Mortgagor and Assignees respectively of Equity of Redemption and Statutory right of Redemption.*

1. *Who may redeem.*—A junior mortgagee, or assignee of the equity of redemption, is not within .the terms of the statute giving a right to redeem lands within two years which have been sold under a judgment, decree, or power of sale in a mortgage (Code of 1886, §§ 1879-91), and can not assert that right.

2. *Same; assignment of statutory right.*—The statute does not authorize the debtor (or mortgagor) to assign his statutory right of redemption, so as to authorize the assignee to assert it.

3. *Tender by one of two joint mortgagors.*—When lands have been sold under a mortgage executed by two persons jointly, a tender by one of them in their joint names, without authority from the other, will not support a claim to redeem by both.

4. *Right of debtor to redeem after assignment.*—Although the debtor can not assign his statutory right of redemption, so as to authorize the assignee to redeem; yet an assignment of all his interest in the property, before a sale, destroys his right of redemption.

5. *Bill in equity to redeem; misjoinder of complainants; demur er.*—A bill to redeem real estate filed in the name of the original mortgagors and an assignee of the equity of redemption and an assignee of the statutory right of redemption is subject to demurrer for misjoinder of complainants; each and both of said assignees respectively of the equity, and statutory right of redemption, being improper parties complainant to said bill.

APPEAL from Montgomery Chancery Court.

Heard before Hon. THOMAS W. COLEMAN.

This was a bill in equity to redeem real estate filed by the original mortgagors, and their assignees respectively of the equity of redemption, and the statutory right to redeem, alleging a tender by each of the parties complainant just previous to the expiration of two years from the date of sale of the property under the power contained in the mortgage. The appellant, and defendant, filed an answer, (which it is not necessary to consider) and a demurrer to the bill. The demurrer set up want of equity in the bill, misjoinder of complainants, and the inability of complainants, severally and jointly, to redeem. The chancellor overruled the demurrer, and on final hearing decreed that complainants were entitled to redeem.

The admitted facts show that James Parker and W. H.

[Commercial Real Estate & Building Association v. Parker et al.]

Jackson mortgaged the property in controversy May 26th, 1880 to Noble and Semple; that Noble and Semple under a power in the mortgage sold the property May 5th, 1884 to Joseph & Anderson. The property was afterwards, and within two years from their purchase conveyed by Joseph & Anderson to appellant, the Commercial Real Estate & Building Association. Before the sale by the mortgagees, Noble and Semple, W. H. Jackson conveyed his interest to James Parker, and subsequent to this, but before the mortgage sale, James Parker conveyed his interest to his wife, Mrs. Tomazena R. Parker. May 3rd, 1886, Mr. and Mrs. Parker conveyed to David T. Blakey all their interest in the property, including the statutory right to redeem. On the morning of May 5th, 1886, before 12 o'clock, M., said Blakey offered to redeem the property from appellant, separately and severally; 1st, for himself; 2nd, for Mrs. Parker; 3rd, for James Parker; 4th, for James Parker and W. H. Jackson. Appellant declined to accept each and every offer to redeem. The testimony showed that the attorney who made the tender, had no authority to act in the matter for the complainant Jackson, he representing the other complainants, only. Whereupon a bill, seeking to redeem said property, was filed in the names of W. H. Jackson and James Parker, mortgagors, of Mrs. Parker, assignee of the equity of redemption, and of David T. Blakey, assignee of the statutory right to redeem, complainants, and against the said Commercial Real Estate & Building Association, defendant.

TROY, TOMPKINS & LONDON, for appellants, cited, on misjoinder, 1 Brick. Dig , p. 750, § 1634; on the right to redeem, Code of 1876, §§ 2877, 2880, 2891; 77 Ala. 282; 70 *Ib.* 61; 59 *Ib.* 219; 71 *Ib.* 73; 73 *Ib.* 580; *Ib.* 587; 5 Ala. 173; 21 *Ib.* 633; Story's Eq. Pld., § 136; 61 Ala. 543; 36 Ill. 18; *Ib.* 513; 4 Call. 402; 67 Ala. 310; 77 Am. Dec. 481; 71 Ala. 26; 73 *Ib.* 127; Acts of 1841–2, p. 8; Acts of 1843–4, p. 152; 69 Ala. 318; 71 Ala. 594, 609; 30 Am. Dec. p. 57–8; 32 *Ib.* 590, note p. 597; 6 Port. 109; 33 Ala. 674; 76 Ala. 590; 49 *Ib.* 266; 82 Ala. 69; 78 Ala. 555; 3 Brick. Dig., p. 516–7, §§ 119, 120; 69 Ala. 132; 59 Ala. 317.

BRICKELL, SEMPLE & GUNTER, *contra*, cited, on the right to redeem, *Corbin v. Jones*, 55 Ala. 630, and the cases there cited; *Bailey v. Timberlake*, 74 Ala. 226; *Ib.* 288; as to joinder of parties, cited, 1 Dan'l Ch. Pr., 4 Am. Ed. 200 and

[Commercial Real Estate & Building Association v. Parker et al.]

note 2; 19 Ala. 180; 26 Ala. 292; 14 Ala. 171; 40 Ala. 572; 35 Ala. 309.

SOMERVILLE, J.—1. In the case of *Powers v. Andrews*, 84 Ala. 289, we have held that the vendee or assignee of a mortgagor's *equity of redemption*, not being named in the statute among those to whom is accorded the *statutory* right of redemption—by which is meant the right to redeem after sale under execution, or foreclosure of a mortgage by decree, or under a power of sale—is by necessary implication excluded from the exercise of such privilege, with the single exception, specified in the statute itself, of a child of the debtor and owner to whom his parent had conveyed the land.—Code, 1886, §§ 1879 *et seq.* § 1888. This ruling was affirmed in the case of *Aiken v. Bridgford & Co.*, 84 Ala. 295, where a junior mortgagee sought to exercise the statutory right of redemption, and was held not to be entitled to it.

2. The same course of reasoning, adopted in these cases, would preclude the assignment by a debtor of his statutory right of redemption, which is but the bare right of repurchase after sale. The statute names the persons who are authorized to exercise it, and it excludes from this enumeration the assignee of the debtor. If the debtor can transfer such right, why may not the judgment creditor do the same, without assigning his judgment. The reason is, that the right is neither property, nor the right of property, but a mere personal privilege, the essential nature of which is that it is confined to the person of the party within whose option its exercise rests. Our decisions fully commit us to the personal nature of the right, and are, therefore, logically inconsistent with the idea of its assignability.—*Parmer v. Parmer*, 74 Ala. 285; *Childress v. Monette*, 54 Ala. 317; *Otis v. McMillan*, 70 Ala. 46. No liberality of construction can authorize us, on sound principles, to incorporate in the statute a new class of persons as entitled to exercise the right, who have not been named by the law-making power, which has for the last forty years amended the statute from time to time by extending its benefits to others not previously enumerated.—*Posey v. Pressley*, 60 Ala. 243. This power is a legislative, not a judicial function, and we are content to remit to the General Assembly the policy or impolicy of including within the provisions of the law the assignee or vendee of the debtor's right to redeem under the terms pre-

scribed by the statute. The chancellor, in holding to the contrary, bases his opinion, in some measure, upon an intimation in *Carlin v. Jones*, 55 Ala. 624. But the question was in that case expressly left open for future consideration, and was not decided.

Under these rulings, neither the complainant Blakey, nor Mrs. Parker, had the right to redeem the property in controversy. The former claimed to be the assignee of the statutory right of redemption, purchased since the mortgage sale, and the latter the assignee of the mortgagor's equity of redemption, acquired prior to the mortgage sale. They were, therefore, both improperly joined as parties complainant in this bill. The demurrer for such misjoinder should have been sustained, and the chancellor erred in overruling it

3. Jackson and one James Parker were the original mortgage debtors, and are also made parties complainant to the bill. The offer to redeem, and the accompanying tender was also made in their names jointly and severally. The question here arises as to their rights in the premises. So far as Jackson is concerned, there is no difficulty presented. The evidence shows without conflict, that he made no tender, or offer to redeem. The attorney, who acted in the matter, had no authority to represent him, and the offer made must, therefore, be held to be unavailing to divest title out of the defendant and vest it in one who neither asks it, nor has complied with the requirements of the statute regulating the subject of real estate redemption.

4. We next consider the right of James Parker. It is insisted as to him, that he has lost his statutory right of redemption in two ways: (1) by transferring his *equity of redemption* to his wife, Mrs. Parker; (2) by the sale of his statutory right of redemption to Blakey. We have seen above that this personal privilege does not pass to an assignee of the mortgagor's equity of redemption.—*Powers v. Andrews, supra.* Nor does it pass to a purchaser by assignment of the debtor, because such a sale of it is not authorized by the statute, which creates and regulates the right, and enumerates those to whom it is given.

The inquiry is, can the debtor still exercise it, although he has no interest in the property sold at the time of the sale? Does the statute contemplate that he shall redeem property in which he has no interest or estate? The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the

rescuing from sacrifice of the debtor's property—not the property of another. We construe the statute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property—property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, because the right can not exist except as an incident of ownership. Any other construction of the statute would lead to incongruities that would seem to be inharmonious with the general legislative intention as apparent from the context of the entire law.

Under this view James Parker had lost his right to redeem, at the time the bill was filed, by the transfer of his entire interest in the property to his wife.

The other questions raised need not be considered, as the conclusions above announced are fatal to the equity of the bill, and to any recovery by complainants either under the pleadings, or the proof

The decree will accordingly be reversed, and a decree will be entered in this court dismissing the bill.

Reversed and rendered.