BUNN v. BRASWELL.

(Filed September 25, 1906).

*Consent Judgment—Mortgagor and Mortgagee—Conditional Sale—Statute of Limitations—Petition to Rehear—Assignment of Errors.*

1. The language of the consent decree that a final judgment rendered in 1888 by default for land is "so far modified as to declare that the defendant has an equity to redeem the land," coupled with the admitted fact of defendant's prior possession, is strong evidence that the relation of mortgagor and mortgagee existed prior to 1888, and that the decree itself creates by its very terms this relation, and that it does not constitute a conditional sale.

2. Where the mortgagor and those claiming under him have been in continuous possession since the consent decree in 1889, the plaintiff must show some payment or other fact that will bar the running of the statute of limitations.

142—8

3. It is unnecessary to consider a broadside assignment of error in a
   petition to rehear, "for that, granting the correctness of every legal
   proposition laid down by the Court, and that its findings and infer-
   ences of fact were supported by the record, yet the conclusion
   reached by the Court in its opinion is erroneous."

PETITION by the plaintiff to rehear this cause, which was
decided at the Fall Term, 1905, and reported in 139 N. C.,
135.

*F. S. Spruill* for the petitioner.
*Austin & Grantham* in opposition.

BROWN, J.   The petition to rehear this case assigns two
errors in the opinion of the Court: 1. For that the Court in
its application of the law to the facts of the case inadvert-
ently added to the facts which were agreed upon in the lower
Court and upon which the Court's judgment was hypothe-
cated, a finding of fact not in the record and not actually
existing, viz., that the relation of mortgagor and mortgagee
subsisted between the plaintiff and the defendant at the time
of the institution of the action in ejectment in 1888.

2. For that, granting the correctness of every legal propo-
sition laid down by the Court, and that its findings and infer-
ences of fact were supported by the record, yet the conclusion
reached by the Court in its opinion is erroneous.

As to the first allegation, the learned counsel for the plain-
tiff are themselves inadvertently inaccurate.   In the well-
considered opinion delivered for the Court by *Mr. Justice
Connor* no finding of fact is made and none "added to the
facts which were agreed upon in the lower Court."   It will
be observed upon reading the opinion that the writer was
reciting only the contentions of the defendant when he stated
that the declaration in the decree of 1889 "that 'the defend-
ant has an equity to redeem the land' shows clearly that the
relation of mortgagor and mortgagee at that time and there-
tofore existed between the parties, and not that he was by the

judgment given such equity; that the judgment was a recognition of the existence thereof."

Upon a re-examination of the consent decree, we think there is much upon its face to support the defendant's argument. N. W. Boddie had in 1888 recovered a final judgment by default for the land. Why set it aside by consent and substitute in its place such an instrument as the decree of 1889 ? It is not likely that Boddie would take such a method of selling to Braswell a tract of land which the latter had never theretofore had any interest in. Couple the language of the consent decree with the admitted fact of Braswell's prior possession, and the inference is very strong that the relation of mortgagor and mortgagee existed between the parties prior to 1888. Why use the words "that said judgment (of 1888) is so far modified as to declare that the defendant has an equity to redeem the land" ? Where did the defendant get his equity of redemption which the decree says he had at that time ? The plaintiff's counsel say that the decree does not confer any such equity and that the defendant never had it before. This argument is at variance with the plain language of the decree. The plaintiff contends that the decree is a contract to buy the land by the defendant. The word "redeem" does not mean to "buy." It means to "buy back," "to liberate an estate by paying the debt for which it stood as security," "to repurchase in a literal sense." Black Law Dict., 1008. It therefore follows that the defendant could not have an equity to redeem the land unless he previously owned it. This argument is not based upon any agreed facts, but upon the context of the decree itself. If the decree was intended to constitute a conditional sale of land which the defendant did not previously own, then the words we have quoted are very much out of place. "The right of redemption is an inseparable incident to a mortgage; while in the case of a conditional sale the rights of the vendor are

those expressly reserved to him by the agreement, and those only." Thomas on Mort. (2 Ed.), sec. 32.

We do not deem it necessary to consider the second ground of error in the petition to rehear. It is a broadside fired at the judgment of the Court and points out no material point overlooked and no material fact that escaped the Court's attention, and cites no new authority that is antagonistic to the conclusions reached by the Court, viz., first, that the language of the decree is strong evidence that the relation of mortgagor and mortgagee existed prior thereto, and, second, that the decree itself creates by its very terms the relation of mortgagor and mortgagee. *Wilcox Heirs v. Morris,* 5 N. C., 117. It therefore follows that the mortgagor, and those claiming under him, being continuously in possession since the decree, the plaintiff must show some payment or other fact that will bar the running of the statute of limitations.

Petition Dismissed.