**SHOOK v. BENSON et al.  (8 Div. 633.)**

(Supreme Court of Alabama.  March 25, 1926.)

**1. Alteration of instruments ☞29—Evidence held to show that mortgagor who paid interest annually for two years had knowledge and gave consent to stipulation in mortgage for annual payment.**

Evidence *held* to show that words, "and payable annually," after, "with interest from date," were inserted in mortgage with knowledge and consent of mortgagor, where he paid interest annually for two years without question.

**2. Alteration of instruments ☞12—Mortgagee's alteration of mortgage by inserting stipulation that interest was "payable annually" held effective, where words were inserted with mortgagor's knowledge and consent.**

Mortgagee's alteration of mortgage by inserting words, "and payable annually," after, "with interest from date," *held* effective without reacknowledgment or reattestation of instrument, where evidence showed that words were inserted with mortgagor's knowledge and consent; since status of title conveyed was not affected.

**3. Alteration of instruments ☞27(2)—In foreclosure action, mortgagor held to have burden to prove that certain words in mortgage were inserted in record after actual recordation.**

Mortgagor *held* to have burden to prove his allegation in foreclosure action that certain words in mortgage were inserted in record long after actual recordation.

**4. Mortgages ☞490.**

Mortgagee *held* entitled on foreclosure to recover from mortgagor amounts properly paid for taxes on mortgaged property.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by J. B. Benson and another against John C. Shook. From a decree for complainants, respondent appeals. Affirmed.

The nature of the case and the issues involved are stated by the trial court as follows:

"The purpose of the bill is to foreclose a mortgage, executed by the defendant, Shook, and payable to the complainant Benson. The defendant, Shook, filed his answer and his cross-bill, and admits the execution of the mortgage and the indebtedness sought to be secured thereby, but avers that, after the execution and delivery of the mortgage, the complainant Benson altered said mortgage in a material way without the knowledge and consent of the defendant, Shook.

"It is without dispute from the evidence that the defendant, Shook, executed the mortgage declared on and the notes secured thereby, and it is further without dispute that the complainant Benson altered the mortgage by inserting therein after the description of the notes secured thereby the words, "and payable annually." The complainant claims that this alteration was made after the execution of the papers, but at the time of the delivery thereof by Shook to him and with the knowledge and consent of Shook. Shook denies that said alteration was made with his knowledge or consent, and insists that it was done after the delivery, and, as said before, without his knowledge or consent; and this is the only serious matter of conflict in the evidence. There is much testimony in the record with reference as to whether these added words, "and payable annually," were in the record of the mortgage in the judge of probate's office when the mortgage was first recorded or not. That is a matter of secondary importance only, and is relevant only as it may shed light on the real issue in this case, which is whether the alteration was made or not with the defendant, Shook's, knowledge and consent. The court is of the opinion, from a full consideration of all the legal testimony in the case, that it was the intention of both Benson and Shook that the interest on the deferred notes should be paid annually; in fact it was paid annually for a while. The evidence puts this case in that class of cases where an alteration is made by the holder of paper merely to make it conform to the real intention of the parties, and does not render the paper void, if done with the consent of both parties, even though the paper may be one under seal. From an inspection of the mortgage, and under the evidence in this case, the court is of the opinion that the alteration is not such a one as casts suspicion on the paper because of the alteration, requiring the complainant to prove that the alteration was made with consent, and therefore the burden of proof is on the defendant, Shook, to prove the allegations of his cross-bill, to wit, that the alteration was made without his knowledge and consent and after delivery. From a very careful consideration of the testimony, the court is of the opinion that the defendant has not carried that burden. In a court of law, where the legal title is involved, and the covenants usually contained in a deed are involved, it may be that after a deed is executed and acknowledged and ready for delivery it would be necessary, to make a material alteration good, that the deed be reexecuted and acknowledged: But not so in a court of equity, where the only purpose is to enforce a mortgage given to secure the purchase-money debt.

"The court is therefore of the opinion that the complainants are entitled to relief under the original bill, and that the defendant, Shook, is not entitled to relief under his cross-bill."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The decree was that complainant's mortgage be foreclosed, with an order of reference to ascertain the amount due, including overdue notes and interest on the entire indebtedness, and also the amount paid by complainant for taxes, and the amount of a reasonable attorney's fee.

The mortgage in suit was executed by the respondent, Shook, to the complainant Benson on October 22, 1917, to secure an indebtedness of $1,700, evidenced by eight promissory notes for $200 each, and a ninth one for $100, payable serially and annually on December 1, 1918, and each year thereafter until all were paid, "with interest from date."

The respondent, Shook, appeals and assigns for error the findings of fact by the trial court—the rendering of a decree of foreclosure, the allowance to complainant of the amount paid by him for redemption of the land from tax sale, and the denial of relief to respondent under his cross-bill.

Ernest Parks, of Scottsboro, for appellant.

The burden was upon the complainant to show that the alteration in the instrument was made with the knowledge and consent of respondent. Hart v. Sharpton, 27 So. 450, 124 Ala. 638; Glover v. Gentry, 16 So. 38, 104 Ala. 222; Hill v. Nelms, 5 So. 796, 86 Ala. 442; Fontaine v. Gunter, 31 Ala. 258; 2 C. J. 1290; Winter v. Pool, 14 So. 411, 100 Ala. 503; Yarbrough v. Taylor, 73 So. 458, 198 Ala. 202.

John B. Tally, of Scottsboro, for appellees.

If the alteration was made without the knowledge or consent of respondent, he ratified same by payments made. 2 C. J. 1255.

SOMERVILLE, J. The chief and decisive issue of fact in this case is whether or not the complainant Benson inserted in the mortgage executed to him by the respondent, Shook, the words, "payable annually," immediately following the words, "with interest from date," with the knowledge and consent of Shook.

[1, 2] We have carefully considered all of the evidence in the record. The only testimony relating directly to this question is that of the two parties named—the one positively affirming that the words were so inserted, and the other as positively denying it. But it is clearly shown without dispute, and, indeed, it is admitted by him, that Shook, in making payment of the two notes which first fell due, twice in consecutive years, paid, along with the principal sum due, the yearly interest on the entire indebtedness. This he appears to have done spontaneously and without question.

It is, we think, inconceivable that he would have made these payments of interest unless he knew or believed that his contract imposed upon him the obligation to do so. So

strong, indeed, is this implication that, regardless of who carried the burden of proof, we are reasonably satisfied that the words in question were inserted in the mortgage with the knowledge and consent of the respondent, Shook; and, not affecting the status of the title conveyed, the alteration was effective without a reacknowledgment or reattestation of the instrument. Winslow v. Jones, 7 So. 262, 88 Ala. 496; 2 Corp. Jur. 1238, § 113.

[3] As to respondent's attempted impeachment of the record of the mortgage by showing that the disputed words were inserted in the record long after the actual recordation of the mortgage, and as late as the inception of this litigation, the burden of proof was upon respondent, and the evidence is wholly insufficient to establish that contention.

[4] Complainant is entitled to recover the amounts properly paid by him for taxes due on the property from the mortgagor, and the reference properly included an order for the ascertainment of the amount due in that behalf.

We hold, therefore, that the decree of the circuit court was in all things correct, and it will be affirmed.

Affirmed.

GARDNER, THOMAS, and MILLER, JJ., concur.