166 So. 419

## BRALY v. POLHILL.

### 8 Div. 669.

Supreme Court of Alabama.
March 5, 1936.

Jas. E. Horton and Edw. Goodrich, both of Athens, for appellant.

634

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

BROWN, Justice.

The complainant, appellee here, a grantee of Rebecca Eubank Taylor and T. C. Eubank, by this bill filed against appellant, a grantee, Kate Eubank, and Dixie Yearwood, offers to contribute the ratio of her grantors in the outlay made by the grantors of the defendant, appellant here, in redeeming from mortgage foreclosure 160 acres of land situated in Limestone county, Ala., formerly owned by W. C. and Mary Eubank, husband and wife, as tenants in common.

The mortgage was executed in 1925 to the Federal Land Bank by said Eubank and wife to secure an indebtedness of $3,-200. The mortgage was foreclosed on the 28th day of August, 1933, and Ora L. Stout became the purchaser thereof at and for the sum of $3,500, receiving a conveyance vesting in her the legal title.

Thereafter, in May, 1934, Stout conveyed the property to complainant, and she went into possession holding under said conveyance from Stout, and remained in possession until January, 1935.

In the fall of 1934 Kate Eubank, a daughter of the mortgagors, notified complainant of her desire to exercise the' statutory right of redemption, and, as the bill avers, "complainant furnished to the said Kate Eubank a statement of the amount required to effect a redemption. On to-wit January 15, 1935, Kate Eubank paid to complainant the requisite amount and effected a redemption of said land. At said time it was represented to complainant that Kate Eubank and Dixie Yearwood had a right to redeem said property and that they were acting jointly in effecting redemption and, therefore, complainant executed a deed conveying the property to Kate Eubank and Dixie Yearwood upon receipt by her of the proper amount, viz.: Four Thousand Six Hundred Fifty Dollars and Thirty-Seven Cents ($4,650.37). Said deed recited that the grantees were redeeming the property therein conveyed from the aforesaid foreclosure and that it was executed to effectuate such redemption. On the same day, to-wit January 15, 1935, Kate Eubank and Dixie Yearwood by proper deed conveyed said property to the defendant, George L. Braly, who is now in possession thereof under said deed."

On September 7, 1929, Mary Eubank conveyed the fee to her interest in said property to T. C. Eubank, reserving a life interest therein. She died in May, 1930.

W. C. Eubank, who was a resident of Limestone county, Ala., died testate in 1925, and his will was duly probated on August 27, 1925.

Said W. C. Eubank left surviving him five children and two grandchildren. The children were Tom C. Eubank, Dixie Yearwood, Rebecca E. Taylor, Jennie Slaughter, and Kate Eubank. The grandchildren were William D. and Martha A. Eubank, children of a son who died before the death of his father, W. C. Eubank.

By his last will and testament, W. C. Eubank, after making provision for two of his children—Jennie Slaughter and Dixie Yearwood—disposed of his interest in said land as follows: "All the rest and residue of any property of which I may die seized and possessed or entitled to, real, personal or mixed, it is my will and desire shall go to my other children, *not including Jennie Slaughter and Dixie Yearwood,* share and share alike, and to the children of my deceased son, J. H. Eubank, the said children of J. H. Eubank to share in the proportion in which their father would have shared if living." (Italics supplied.)

It seems to be conceded that at the time of the foreclosure the property was jointly owned by T. C. Eubank, who had five-eighths interest therein, Kate Eubank, one-eighth, Rebecca E. Taylor, one-eighth, William D. and Martha A. Eubank each one-sixteenth.

The circuit court, by the decree overruling the defendant's demurrer to the bill, upholds the complainant's right to contribute the due proportion of her grantors of the outlay by the grantors of the defendant in redeeming the property and a rehabilitation of her title.

The first contention of the appellant is that, notwithstanding Dixie Yearwood was without interest or title in the property at the time of the foreclosure, nevertheless, she being a child of the mortgagor-debtor, W. C. Eubank, the statute conferred on her the right to redeem from the foreclosure, and as a consequence of the redemption, and the deed executed, she became the owner of an undivided one-half interest in the property, and that interest, which she subsequently conveyed to the defendant, is not subject to the doctrine of contribution on which the equity of the bill is rested.

This contention cannot be sustained. The statute creating and conferring the right of redemption presupposes some right or title of the redemptioner in the property. Code 1923, § 10140. Commercial Real Estate & Building Association v. Parker et al., 84 Ala. 298, 302, 4 So. 268; Kelley v. Hurt et al., 217 Ala. 694, 117 So. 411.

As was observed in the case first above: "We construe the statute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property,—property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, because the right cannot exist except as an incident of ownership. Any other construction of the statute would lead to incongruities that would seem to be inharmonious with the general legislative intention as apparent from the context of the entire law." 84 Ala. 298, 302, 4 So. 268, 270.

Dixie Yearwood not having the statutory right of redemption, because she was without interest in the property at the time of the foreclosure, by participating in the redemption with Kate Eubank, took the title as a trustee in invitum, and this joint redemption inured to the benefit of the cotenants of Miss Eubank. Arnold et al. v. Black, 204 Ala. 632, 87 So. 170; Sullivan v. Parker et al., 228 Ala. 397, 153 So. 858.

Appellant concedes, to quote the language of the brief: "Where property is redeemed by a cotenant, the non-redeeming cotenant has the right to elect within a reasonable time to contribute his portion of the expenses of redemption and to rehabilitate his title, but such privilege is a 'right, which is only an equity.' * * * It is a right or privilege incapable of assignment and conveyance." Taking this as his premise, the contention is made that the complainant is without right or interest, and the bill is without equity.

It seems to be well settled that, where redemption is effected by a cotenant under circumstances in which the execution of a deed is not essential to perfect it, the title is restored to the cotenants. Russell et al. v. Bell et al., 169 Ala. 646, 53 So. 997.

Where in the circumstances a deed is essential to perfect the redemption and deed is made to the cotenant or party redeeming, the legal title vests in the redemptioner in trust and the equitable title in all the cotenants. Johns v. Johns, 93 Ala. 239, 9 So. 419; Arnold et al. v. Black, 204 Ala. 632, 87 So. 170.

The right thus acquired, not being a mere right of action, but title, is the subject of bargain and sale, and the cases dealing with the statutory right of redemption and the equitable right of a mortgagor to disaffirm a sale, where the mortgagee, without express authority granted by the mortgagor, purchases at the foreclosure sale, are inapt.

We concur in the conclusion of the circuit court that the demurrers to the bill are not well taken.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.