167 So. 714

MALONE v. NELSON et al.

8 Div. 649.

Supreme Court of Alabama.

April 23, 1936.

Thos. S. Woodroff and J. G. Rankin, of Athens, for appellees.

W. W. Malone, of Athens, for appellant.

KNIGHT, Justice.

Bill to effectuate statutory right of redemption.

It appears from the averments of the bill that Mrs. Daisy W. Malone, and her husband, W. W. Malone, executed a mortgage on January 1, 1924, on certain lands in Limestone county to the First Joint Stock Land Bank, of Montgomery, to secure an indebtedness of $8,000; that the said Daisy W. Malone made default in the payment of certain installments, and the said First Joint Stock Land Bank did, on June 28, 1932, after said defaults occurred, foreclose said mortgage under the power of sale contained therein, and at the foreclosure sale the mortgagee purchased the property for the sum of $6,500, and a deed was duly executed to it on its purchase.

The bill shows that the foreclosure was in all respects regular, and was sufficient to cut off the equity of redemption of the mortgagors.

It further appears from the averments of the bill that on the 30th day of August, 1932, the said First Joint Stock Land Bank, purchaser at the foreclosure sale, sold and conveyed the property to Sophie Nelson, Luella H. Bowen, and Lu Ellen Schram Woodroof, three of the respondents, at and for the sum of $4,250.

On June 12, 1934, the complainant, a son of Mrs. Daisy W. Malone, desiring to redeem the property, made written demand upon all the respondents for a statement in writing of the debt and all lawful charges claimed by them, in all respects as provided by section 10144 of the Code.

The penultimate paragraph of the demand reads: "The reason the notice is given to George Rudder is because I have heard that he bought or contracted to buy said place or a part thereof but there is no deed on record showing any such transaction."

To this demand, on June 20, 1934, Thomas S. Woodroof, as attorney for all the respondents, including the said Rudder, replied, and furnished complainant a written itemized statement of the debt and lawful charges claimed by the respondents to be due and payable in order to effectuate redemption.

The said W. W. Malone, Jr., not being satisfied with, but disputing, the correctness of the claimed amounts, both as to the debt and the value of the permanent improvements, as well as other items claimed as lawful charges, filed this bill against the respondents (including Rudder), seeking a judicial ascertainment of the debt and all lawful charges, offering to pay the same, and praying to be allowed to redeem the property on payment of the amount the court might find to be due and owing.

■ Complainant is a child of Mrs. Malone, the mortgagor-owner of the property, and it is in his right as such child, that he asserts the statutory right of redemption. Section 10140, Code. He has such right.

As we now view Braly v. Polhill (Ala. Sup.) 166 So. 419,[1] it failed to properly interpret the statute, and to give due emphasis to the change made by the interpolation of the word "child." Said case is modified in so far as it holds that a child of the mortgagor, to redeem, must show an interest in the property at the time of the foreclosure.

The sufficiency of the bill is not questioned.

The respondents, separately and severally, answered the bill. In their answer, the respondents aver and state that the property was conveyed to the said Sophie Nelson, Luella H. Bowen, and Lu Ellen Schram Woodroof jointly by the said First Joint Stock Land Bank, after the foreclosure had taken place. The deed of conveyance does not appear in the evidence, but the bill avers that one was executed by the First Joint Stock Land Bank to the three named purchasers.

From their answer it appears that the said three named purchasers, in October, 1932, and after their acquisition of the property, entered into what they termed a rent and sale contract with the respondent George Rudder, by the terms of which, upon the payment by Rudder of certain yearly installments, ending on January 1, 1943, the said purchasers agreed to convey the property to said Rudder. Rudder went into possession of the property under this contract and was in possession of it at the time of the filing of the bill, and at the time the decree was entered in the cause. The legal title to the property still remained, however, in the respondents Nelson, Bowen, and Woodroof.

In their answer, the respondents Nelson, Bowen, and Woodroof claimed and asserted "that at the time they purchased the property from the First Joint Stock Land Bank, and as a part of the consideration for the transaction, the balance due on the debt by the mortgagor, Daisy W. Malone, to the First Joint Stock Land Bank of Montgomery, was duly transferred" to them, and that they were and are owners of said balance due on the mortgage debt, and that the rent sale contract made with Rudder was made subject to the right of redemption.

From the evidence noted on the submission of the cause, it appears that the original indebtedness of Mrs. Malone to the First Joint Stock Land Bank was $8,000, bearing 6 per cent. interest, payable semiannually; that on account of her default in payment of the indebtedness, the mortgagee foreclosed the mortgage on June 28, 1931; that the mortgagee purchased the property at and for the sum of $6,500; that prior to the foreclosure, the mortgagee, in order to redeem the property from the sale

[1] 231 Ala. 633.

for taxes due the state and county, paid the state and county the taxes, the amount being $351.62; that thereafter state and county taxes were paid on the property for the years 1932 and 1933, amounting in the aggregate to $168.65.

■ From the evidence, it abundantly appears that the First Joint Stock Land Bank, as a part of the consideration of the transaction, obligated itself, by contract in writing, to transfer to the purchasers the balance of the unpaid mortgage indebtedness, and this it did, evidencing said act either by a transfer of the note secured by the mortgage, or by a delivery of the same to the purchasers.

One of the insistences here made is that the court erred in holding that the purchasers, Nelson, Bowen, and Woodroof, acquired the note evidencing the indebtedness by a proper transfer from the mortgagee; that Bowman, the president of said bank, was not shown to have authority to make the transfer. There is no merit in this contention. The contract provided that the balance of the debt was to be transferred to the purchaser. The deed was executed by the corporation-mortgagee pursuant to the contract, and the note evidencing the indebtedness was duly delivered to the purchasers, and it is of no moment, in this suit, whether the note was or was not transferred in such way as to carry the legal title. The delivery of the note, pursuant to the contract agreement, to the purchasers was sufficient to carry the equitable title to the purchasers, and to make it their property as to any balance due thereon. First National Bank v. Murphree, 218 Ala. 221, 118 So. 404; Strickland & Co. v. Lesesne & Ladd, 160 Ala. 213, 49 So. 233; McDonald v. McDonald, 215 Ala. 179, 110 So. 291; Lee v. Wimberly, 102 Ala. 539, 15 So. 444; Tison v. Citizens' Bank & Security Co., 208 Ala. 111, 93 So. 857.

■ The balance of the indebtedness remaining unpaid from the proceeds of the foreclosure sale, with interest thereon at 8 per cent., was properly allowed the purchasers Nelson, Bowen, and Woodroof.

■ It is also insisted that, inasmuch as the mortgage was not introduced in evidence, it did not, therefore, appear that the mortgagee had any authority to pay the taxes, and to include the amount in the mortgage indebtedness. The answer as to this is, the mortgagor, upon whom rested the primary duty to pay the taxes, had permitted the property to be sold for the payment of the State and county taxes, and the mortgagee was forced to pay the same to prevent the loss of the property, both to the mortgagor and mortgagee. In such circumstances it would be extremely inequitable to hold that the mortgagee would not be permitted to enforce the claim accruing to him on such payment against the property. In such circumstances, the mortgagee, in the enforcement of his equitable rights, would at least be subrogated to the lien of the state and county.

Confessedly, the taxes were a lien upon the property, and the mortgagee had the right to redeem the land to protect his own property, and is entitled to reimbursement from the proceeds of the sale of the mortgaged property. Red Mountain Mining Co. v. Jefferson County Savings Bank, 113 Ala. 629, 21 So. 74, 59 Am.St.Rep. 151; Shook v. Benson et al., 214 Ala. 338, 107 So. 832; Clermont-Minneola Country Club, Inc., v. Percy T. Coupland et al., 106 Fla. 111, 143 So. 133, 84 A.L.R. 1354.

■ The court committed no error in allowing the item of $351.62, as a part of the indebtedness due the mortgagee, and which represented the amount expended by the mortgagee in redeeming the property from the tax sale. Nor was there any error in allowing the items representing taxes paid on the property becoming due after the foreclosure.

These taxes, with interest thereon, were properly included in the amount required to redeem the property.

We do not see that any attorney's fee was actually included in the indebtedness, but if it was, the same was fully covered by the note. Kelly v. Carmichael et al., 221 Ala. 371, 129 So. 81.

There is no merit in appellant's contention that it was not shown that the note offered in evidence was the note given by Mrs. Malone, and which was secured by the mortgage.

We find no error in that part of the decree fixing the amount due to be paid to the respondents, Nelson, Bowen, and Woodroof, on redemption.

■■ This brings us to a consideration of the propriety of the decree allowing the respondent Rudder the $665.50, or any sum, for permanent improvements made on the property after he went into possession of it

on his contract of purchase from Mistresses Nelson, Bowen, and Woodroof.

Appellant's insistence is that the statutory provisions relating to permanent improvements has reference to only such improvements as the holder of the legal title may have made, and that the statute does not include or provide for permanent improvements made by one who is in possession under a contract of purchase.

There was a time when the appellant's contention reflected the views of the court. Morrison v. Formby, 191 Ala. 104, 67 So. 668, 669.

The decision in the Morrison Case, supra, was decided at a time when section 5757 of the Code of 1907 was the law of the case. This section (omitting the part not bearing upon the question now under considerations) reads: "Any person offering to redeem must pay to the person in possession the value of all permanent improvements made by him *after he acquired title.*"

In the Morrison Case, supra, it was observed: "The established foundation, on redemption, for the right to compensation for permanent improvements is *title,* meaning necessarily the repository of the legal title. Such is the principle underlying the analogy present in rulings made in the administration of section 5749." And the court held in that case that permanent improvements made by one in possession under a contract to purchase was not entitled to be reimbursed for the value of such improvements. The holding was made upon the ground that such a person had not the legal title, the element and essence of property right to which redemption must be referred for effectual operation.

However, since the rendition of the decision in the Morrison Case, supra, section 5757 of the Code of 1907 has undergone a change. Section 10153 of the Code of 1923, corresponding to section 5757 of the Code of 1907, in so far as here pertinent reads: "Any person offering to redeem must pay to the then holder of the legal title the value of all permanent improvements made on the land since the foreclosure sale, and if the holder of the legal title cannot be ascertained, payment may be made to the circuit court of the county having jurisdiction of the subject matter when bill is filed to redeem."

It will thus be seen that section 5757 restricts recovery for permanent improvements to such improvements as may have been made by the person in possession after *he acquired the title.* The statute, ex vi termini, limits recovery for improvements as were made by the holder of the legal title.

Section 10153 does not limit the improvements for which the redemptioner must pay to those improvements which were made by the holder of the legal title, but authorizes recovery by the holder of the legal title for permanent improvements *made on the land since the foreclosure.* This, of course, contemplates, as pointed out in the case of Ewing v. First Nat. Bank of Montgomery, 227 Ala. 46, 148 So. 836, that the permanent improvements must be made on the land by one who connects himself with the holder of the legal title, as a purchaser, whether under an executed deed of conveyance, or under a contract of purchase, from the purchaser at the foreclosure sale, or from some one succeeding to such legal title.

We think the amendment of the statute was intended, in fact, to limit the effect of the decision in the Morrison Case, supra.

It is to be noted that in the contract of respondent Rudder with respondents Nelson, Bowen, and Woodroof, it was stipulated: "In the event said above described land is redeemed the parties of the first part (Nelson, Bowen and Woodroof) agree to pay the party of the second part for the necessary improvements placed on said premises by the party of the second part."

This provision was authority from the holders of the legal title to Rudder to make needed permanent improvements on the place, to have effect as if made by the holder of the legal title under their purchase at the foreclosure sale.

We are of the opinion that the court committed no error in finding that Rudder, after he entered into possession of the property under his contract of purchase, made permanent improvements; that such improvements were needed, and reasonable, and permanent; and we are further of the opinion that the court committed no error in fixing the value of the permanent improvements at $665.60.

It follows that the decree of the circuit court is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS, BOULDIN, and FOSTER, JJ., concur.

GARDNER and BROWN, JJ., concur specially.

BROWN, Justice (concurring specially).

This bill is filed by the "child" of the mortgagor, whose disabilities of nonage have been removed. The mortgage was executed by the mother and father of the complainant, both of whom are still living. There is nothing in the averments of the bill showing that the complainant has any right, title, or interest in the property, actual or inchoate. The only persons having any interest in the property, so far as appears from the averments of the bill, are the mortgagor and the vendee of the purchaser at the foreclosure sale.

The right of the complainant to maintain the bill—its equity—is rested upon the mere ipse dixit of the statute, which provides: "Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in the circuit court, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, *child,* heir at law, devisee, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within two years thereafter in manner following." Code 1923, § 10140. (Italics supplied.)

The question to be decided is whether or not the statute confers on one who has no interest in the property, actual or inchoate, the right to redeem from a foreclosure sale? The solution of the question turns upon the interpretation of the statute, section 10140, Code 1923, in its present form, in connection with sections 10141 and 10152.

The statute, now section 10140, first appeared in the Code of 1852, in the following language: "§ 2116. Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in chancery, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor from the purchaser, or his vendee, within two years thereafter, in manner following."

This statute was carried forward into the Code of 1867 as section 2509, 1876 as section 2877, and 1886 as section 1879, without change of verbiage. So, also, into the Code of 1896, as section 3505, except the debtor's *"vendee, junior mortgagee or assignee of the equity of redemption"* was added as persons upon whom the right or

privilege was conferred. The same is true as to section 5746 of the Code of 1907, except that the debtor's *"wife, widow, child,. heir at law, devisee, or his vendee or assignee of the right to redeem under this Code"* was incorporated in this section by revision of the Code of the Code Commissioner. The only change in the verbiage of the statute in the present Code was the substitution of the words *"decree in the circuit court"* for *"decree in chancery."* (Italics supplied.)

As a part of the system of law for the "Redemption of Real Estate," embraced in chapter 4, part 2, title 6 of the Code of 1852 embodying section 2116 to section 2128, both inclusive, we find section 2125, providing: "When land has been conveyed by a parent to a child, and sold as the property of the parent, the child has the right to redeem, within the time, and upon the terms. as provided in this chapter." This section brought forward in the several Codes, up to and including the Code of 1896, without change in its verbiage, appeared in the Code of 1896 as section 3515.

So, also, the following provision was incorporated in the Code of 1896, as section 3516: "No redemption by a judgment creditor from the purchaser or his vendee, or by one judgment creditor from another,. shall operate to defeat the right of redemption *in this chapter secured to the debtor,.* his vendee, junior mortgagee or assignee of the equity of redemption, *or of a child to whom the debtor had conveyed the land,"* etc. Though section 3515 of the Code of 1896 was dropped in carrying the chapter into the Code of 1907, the provision above italicized was carried forward as section 5756, defining the word *"child"* as a redemptioner, and in the present Code 1923, as section 10152. (Italics supplied.)

As pointed out above, the Code Commissioner, in revising section 3505 of the Code of 1896, embodied in that section, appearing in the Code of 1907 as section 5746, as among those entitled to redeem, the *"child"* of the debtor; no doubt in the sense as defined in the several previous Codes.

In Lehman, Durr & Co. v. Moore, 93 Ala. 186, 189, 190, 9 So. 590, 592, decided in 1891, and dealing with the right of a joint debtor—a former purchaser—to redeem, it was said: "We are, however, of opinion that in this case either of the mortgagors may exercise this statutory right. Each of them is manifestly a debtor, and so fills that term of the statute. Each of them is.

as much within the spirit and purpose of the law with respect to a one-half undivided interest as if he alone was concerned in the premises. Each of them is as much entitled, abstractly speaking, to *recover that interest,* as if his right to do so were not apparently clogged by a like interest in the other. Yet *neither can recover* only the interest to which he is ultimately entitled, because the purchaser has a right to insist upon payment of the whole amount bid by him with interest and charges, and it would be an anomaly, which the law does not contemplate and will not tolerate, to require him to make the purchaser whole in respect of all he has expended, and the interest on his outlay, in consideration of the land, and at the same time leave half that consideration in his hands; and because, further, the statute itself provides for and requires the redemption of *whatever interest passed by the foreclosure sale.* In this case that interest was the entire fee. * * * The thing, and the only thing, subject to redemption is the interest which thus passed." (Italics supplied.)

In Powers et al. v. Andrews (1888) 84 Ala. 289, 293, 294, 4 So. 263, 265, speaking of the effect of foreclosure, it was said: "When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular *subpœna* in an ordinary foreclosure suit. * * * The sale, in other words, destroys *the equity of redemption, and in this state transmutes it into a naked statutory right of redemption."* (Italics supplied.) See, also, Aiken et al. v. Bridgeford & Co., 84 Ala. 295, 4 So. 266.

In Commercial Real Estate & Building Association v. Parker et al. (1888) 84 Ala. 298, 301, 302, 4 So. 268, 269, it was observed: "The inquiry is, can the debtor still exercise it [the statutory right or privilege], although he has no interest in the property sold at the time of the sale? Does the statute contemplate that he shall redeem property in which he has no interest or estate? The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the rescuing from sacrifice of the debtor's property,—not the property of another. We construe the stat-

ute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property,—property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, *because the right cannot exist except as an incident of ownership.* Any other construction of the statute would lead to incongruities that would seem to be inharmonious with the general legislative intention as apparent from the context of the entire law." (Italics supplied.)

These utterances were repeated in Kelley v. Hurt et al. (1928) 217 Ala. 694, 117 So. 411, and again in Braly v. Polhill, 231 Ala.Sup. 633, 166 So. 419.

In Baker, Lyons & Co. v. Eliasberg & Bros. Mercantile Co., 201 Ala. 591, 592, 79 So. 13, 14, wherein the question presented was whether or not the assignee of a child of the mortgagor—a son—who claimed under a mortgage had the right to redeem, it was said: "The statute was again amended, as rewritten in the Code of 1907 (section 5746), by the extension of the class who may redeem to include the 'wife, widow, *child,* heir at law, devisee, or his vendee or assignee.' These amendments of this statute are in harmony with the view expressed by Judge Stone, and with the general authorities on the question —that he who may redeem *must have an interest derived mediately or immediately from, or through, or in the right of the mortgagor, so as to constitute him the owner of a part of the mortgagor's original equity."* (Italics supplied.)

The views of Judge Stone referred to were expressed in what appears to be a concurring opinion in Powers et al. v. Andrews, 84 Ala. 289, 294, 4 So. 263, 266, in which he said: "The statutory right to redeem is not property, but a mere privilege conferred by law. This naked right or privilege is not the subject of bargain and sale. A mortgagor, or defendant in a judgment or decree, whose land has been sold under one or the other, may exercise this statutory right at any time within two years, provided the right remains in him when the sale is made. It is, however, a mere incident to ownership; and if, before the sale, he has parted with his interest,—in one case the equity of redemption, and in the other the title to the land,—he has then lost his statutory right to redeem. *There can be no incident without a*

*principal, and the former cannot exist after the latter—ownership—has ceased to exist. The one is dependent on the other, and the statutory right cannot survive its severance from the property right."* (Italics supplied.)

There was no change in the verbiage of this section as it appeared in the Code of 1907, § 5746, except in the respect above noted, to meet the condition arising from the consolidation of the chancery court with the circuit court.

Therefore, in the light of the history of the statute—that its primary purpose is to conserve the interest of the mortgagor-debtor, by preventing a sacrifice of his property, that the statutory right succeeds the equity of redemption, and cannot come into being until the equity of redemption is cut off by valid foreclosure, its interpretation by this court in the cases above referred to, and especially Baker, Lyons & Co. v. Eliasberg & Bros. Mercantile Co., 201 Ala. 591, 592, 79 So. 13, and its readoption into the Code of 1923 without change of verbiage, and that all persons upon whom the statutory right is conferred, other than the "child," to wit, "the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, * * * heir at law, devisee, or any vendee or assignee of the right of redemption under this Code" (Code 1923, § 10140), have an interest acquired mediately or immediately from the debtor—the conclusion is inescapable that in the revision by the Code Commissioner "child" was used in the sense it had been used in the previous Codes, and therefore a child without an interest has no right or privilege, under the statute, to redeem. The case of Braly v. Polhill (Ala.Sup.) 166 So. 419,[1] gives to the word "child," as used in the statute, the interpretation the statute itself has given it all through its history, as we have shown, and is bound to be sound.

The right of the wife to redeem is rested upon her interest—inchoate right of dower—a right subject to a monetary valuation. Hamm v. Butler et al., 215 Ala. 572, 112 So. 141; 19 R.C.L. p. 643, § 460; Kopp v. Thele, 104 Minn. 267, 116 N.W. 472, 17 L.R.A.(N.S.) 981, 15 Ann.Cas. 313; Mackenna v. Fidelity Trust Company of Buffalo, 184 N.Y. 411, 77 N.E. 721, 3 L.R.A.(N.S.) 1068, 112 Am.St.Rep. 620, 6 Ann.Cas. 471. See, also, Bunn v. Braswell, 142 N.C. 113, 55 S.E. 85; Webb v. Ritter, 60 W.Va. 193, 54 S.E. 484; 42 C. J. p. 353, § 2081, p. 358, § 2092.

The complainant not having the right to redeem, his bill is without equity (Walden v. Speigner, 87 Ala. 379, 6 So. 81); therefore, he has no just ground to complain that the decree required him to compensate the owner for the improvements and taxes paid.

In the course of the opinion in Leith v. Galloway Coal Co., 189 Ala. 204, 208, 66 So. 149, 150, written by Justice Mayfield, who subsequently became Code Commissioner, the following observation was made: "There may be trouble in the construction of this statute, where two or more persons or classes of persons mentioned in the statute attempt to assert or exercise the statutory right conferred; but that question is not in this case, and we shall not attempt to discuss or to decide it until it arises, if it ever does." This thought accounts for section 10141, written into the Code by Judge Mayfield as Code Commissioner.

As before stated, the thing redeemed or reclaimed is the title, and in Allison v. Cody et al., 206 Ala. 88, 89 So. 238, it was held, under the facts of that case, that the effect of the redemption was to vest in the redemptioner, Cody, the indefeasible title. The title theretofore was vested in the purchaser at the mortgage sale. See, to same effect, Hudson et al. v. Morton, 231 Ala. 392, 165 So. 227.

The pertinent inquiry may arise: Can the Legislature by its ipse dixit take property from one person and vest it in another who has never had any sort of interest in it? Would this be due process of law? I do not think so.

GARDNER, J., concurs in the foregoing.

---

[1] 231 Ala. 633.